# ADDISON COUNTY,

[Continued from *ante*, page 234.]

---

## John Brainard *v.* Calvin P. Austin.

If the plaintiff sets forth, in declaration, a claim exceeding $100, and intro-
duces testimony tending to establish it, and it appears that the action was
brought in good faith, the plaintiff supposing that a right to recover the
claim existed, the county court will not be deprived of original jurisdiction
of the case, though it may eventually appear that the plaintiff misjudged as
to his right; and it will make no difference, whether the plaintiff's misap-
prehension of his rights consisted in a mistaken *valuation* of property, or in
a mistaken notion of the law, that was to govern and determine his claim.

Indebitatus Assumpsit, for money had and received. Plea,
the general issue, and trial by jury.

On trial the plaintiff introduced testimony tending to prove, that,
on the first of May, 1839, Apollos A. Buck purchased land of one
Miner, for which he gave a note for $1015, payable to the Farmer's
Bank, of Orwell, in three months after date, and signed by the
plaintiff as surety,—which note subsequently became the property
of Seneca Austin; that soon after the note fell due the defendant
called upon Buck for payment of the note; that in November after
this the defendant and Buck had a farther conversation in reference
to the note, and Buck then paid the defendant $65.00, and the de-
fendant agreed to wait one year for payment of the note; that soon
after this Buck failed in business, and delivered to the plaintiff a
large amount of personal property, to secure him for signing the
said note; that in January, 1840, the defendant called upon the
plaintiff and Buck, and, upon that occasion, the plaintiff gave to the
defendant a note signed by himself alone, which was dated August
1, 1839, and was made payable August 1, 1841, for $1015, with
interest annually, and also a note for $65.00, not on interest, paya-

ble August 1, 1841, and secured said notes by mortgage; that in March, 1842, the said notes were paid, the plaintiff paying a part and Buck paying a part; as a part of which payment the plaintiff turned out to the defendant notes against third persons to the amount of $320, for which the defendant allowed $300. These facts were testified to by the said Buck, who was the only witness introduced on the part of the plaintiff. The said Buck farther testified that the property, delivered by him to the plaintiff, was put into his possession to dispose of, and, with the avails, pay the note to the defendant; but that he refused to pay to the plaintiff the amount of the $65 note given by the plaintiff to the defendant; that the $65.00, paid by Buck, and the $65.00 note, executed by the plaintiff, were for interest over six *per cent.*, on the note for $1015; and that the plaintiff and Buck had since settled in relation to the amount paid by the plaintiff for Buck, and the property which the plaintiff had received, and that the amount of the $65.00 note was not taken into the account. No other evidence was introduced on the part of the plaintiff.

Upon this evidence the defendant moved the court to dismiss the action, because the sum which the plaintiff was entitled to recover, if he recovered at all, was within the jurisdiction of a justice of the peace, and not within the original jurisdiction of the county court; but the court refused to dismiss the action.

The counsel for the defendant requested the court to charge the jury,—1, That the plaintiff was not entitled to recover for the $65.00 paid by Buck upon his note, from his own money;—2, That, if the jury found, from the evidence, that Buck turned out property to the plaintiff to pay the debt which the plaintiff assumed for Buck, and that the plaintiff did pay the $65.00 note from Buck's property, the plaintiff could not recover;—3, That the payment, by the plaintiff, of the $65.00 note was, on the evidence introduced by the plaintiff, a payment for Buck, and that Buck, only, could sustain an action to recover for it.

The court did instruct the jury agreeably to the defendant's first and second request; but, as to the point embraced in the third request, charged them, that, if the plaintiff, being holden with Buck to pay the first note for $1015, was called upon by the defendant to pay said note, and thereupon assumed the debt, and gave a new

note for the same sum, dated August 1, 1839, and that, to induce the defendant to wait upon him for payment, he executed to him the note for $65.00 of the same date, and that this last note was for usurious interest, the plaintiff was entitled to recover for that, if he paid it out of his own money, and not out of the money and funds of Buck, and if Buck had in no way accounted to the plaintiff for thus having paid it.

The jury returned a verdict for the plaintiff for sixty five dollars damages, and his costs. Exceptions by defendant.

*E. N. Briggs* and *H. Hale* for defendant.

The county court had not jurisdiction of this suit. *Kittridge* v. *Rollins et al.,* 12 Vt. 541. *Ladd* v. *Hill,* 4 Vt. 164. *Morrison* v. *Moore,* 4 Vt. 264. *Putney* v. *Bellows,* 8 Vt. 272. *Southwick* v. *Merrill,* 3 Vt. 320.

*Linsley* and *Wicker* for plaintiff.

There was no ground for asking the court to dismiss the action. The plaintiff claimed to recover the sum of $130, with interest, being for $65.00 extra interest paid by himself, and $65.00 overpaid on the note for $1015. He claimed that the $65.00, paid by Buck, was, by force of law, a payment of so much of the debt, and that, as he was a mere surety, and paid the whole note, on which $65.00 had been thus paid by his principal, he was entitled, in this action, to recover back such overpayment.

But it was enough, that the action was brought in good faith, and that there was proof going beyond $100. Besides, this, at most, was a case, where the county court had a discretionary power, and, having exercised it, it cannot be revised in this court. *Morrison* v. *Moore,* 4 Vt. 264. *Spafford* v. *Richardson,* 13 Vt. 224. *Ladd* v. *Hill,* 4 Vt. 164.

The opinion of the court was delivered by

HEBARD, J. The only question in the case is as to the jurisdiction of the county court. The question of jurisdiction, under the provision of our statute, is one of some difficulty. The amount of the plaintiff's claim is made the *criterion,* and yet that does not always determine it; for his claim may be *fictitious,* affording no reasonable ground

of belief, that he will be entitled to recover it. It does not depend upon the amount that he actually recovers,—for repeated decisions have sustained the jurisdiction of the county court, when the plaintiff's demand, that he was legally entitled to recover, was much less than one hundred dollars. There have been some general rules adopted in relation to this question.

In actions *ex contractu,* if the sum in demand is mere matter of computation, and that does not amount, by computation, to one hundred dollars, the county court have no jurisdiction. If it is not strictly matter of computation, but the basis of the claim, as set forth in the declaration, shows that less than one hundred dollars is due, there is a want of jurisdiction. When the claim sounds in damages, or depends upon the value of property, whether the action is *ex contractu,* or *ex delicto,* if the plaintiff introduces no testimony, which tends to establish a claim exceeding $100.00, the county court have no jurisdiction. But in any or all of these cases, if the plaintiff sets up a claim exceeding $100, and introduces testimony tending to establish it, and it appears that the action was brought in good faith, the plaintiff supposing that a right to recover the claim existed, the jurisdiction of the court will not be ousted, though it may turn out that the plaintiff misjudged as to his right; and it will make no difference, whether the plaintiff's misapprehension of his rights consisted in a mistaken *valuation* of property, or in a mistaken notion of the law, that was to govern and determine his claim.

In this case, by the finding of the jury, under the ruling of the court, the plaintiff was entitled to recover, and did recover, $65.00. There was another sum of $65, which he would have been entitled to recover, if the court had understood the law to be as he then contended, and now claims it to be. The testimony tended to show that the plaintiff signed a large note, as surety for Buck; that, after said note fell due, Buck paid $65, extra interest; that, soon after that, Buck failed, and the plaintiff assumed the whole debt,—which he afterwards paid,—some part with funds furnished by Buck, and part with his own means. The plaintiff now claims, that, as in equity that $65 usurious interest should have gone in payment of the principal, by giving it that application, it would have lessened the sum, that the plaintiff had ultimately to pay, and that therefore it was, in effect, a payment made by the plaintiff, and should have

been added to the sum, that he did recover,—making a sum within the jurisdiction of the county court. It is not to be denied, but what there is some plausibility in that notion, although this court have not been quite able to discover the soundness of the reasoning.

But the question is, in the next place, was this claim made in good faith?—for if it was, the county court did right in retaining the action. And whether it was made in good faith was a question addressed to the sound discretion of the county court, and is not to be revised by this court, unless the bill of exceptions presents some statement of facts, in relation to the action of that court upon that view of the case, by which we can be satisfied that the discretion was not properly exercised; and we are not prepared to say that the county court did not exercise a good discretion in that particular.

Judgment affirmed.