## DAVIS *vs.* THE STATE.

1. Proof of what a deceased witness testified to on a preliminary examination before a justice of the peace, touching the same charge for which the accused stands indicted, is admissible against him, although the examination was not reduced to writing.

2. In such case it is not necessary to prove the language used by the witness in giving his testimony; its substance is all that is required.

3. But proof of what a deceased witness testified to on a former trial is not admissible, unless the point in issue is the same.

Error to the Circuit Court of Autauga. Tried before the Hon. John D. Phelan.

JUDGE & GAYLE, for the plaintiff:

1. The record in this cause shows that the evidence of Connolly was not reduced to writing by the committing magistrate, as the statute requires.—Digest, 449-50, §§ 25, 27, 33. And to render evidence taken before an examining court admissible " it must appear that the requisitions of the statute have been complied with, otherwise the proceedings would be extra-judicial."—Roscoe's Crim. Ev. 74; Ib. 73; Russel on Crimes, 660; Rex v. Smith, 2 Starkie, 208—see particularly the note at the end of the case; see, also, Tharp v. The State, 15 Ala. 749.

2. The witness Saunders could not recollect the questions propounded by plaintiff's counsel on the cross-examination, nor the answers thereto. This was sufficient of itself to have excluded the whole of the evidence.—Gildersleeve v. Caraway, 10 Ala. 260; Tharp v. The State, 15 Ala. 749.

3. The examination was ended and the mittimus partly written before Connolly was examined; and the fact that *his* testimony was not reduced to writing shows that *his examination* was considered at the time *extra-judicial.*

4. But in no aspect was Connolly's evidence admissible *in this case.* The cause in which he was examined was for the larceny of *a buggy.* This cause is for the larceny of *a mule,* and never was examined into by the committing magistrate.

ATTORNEY GENERAL, for the State.

1. What a deceased witness swore *on a former trial between the same parties*, may be given in evidence in a subsequent trial

of the same cause, provided the whole of the substance of the deceased witness' testimony be recollected, but the precise words need not be repeated.—1 Greenl. Ev. § 163; 10 Ala. 260; 15 ib. 749, and authorities there cited.

2. The witness, Saunders, states distinctly that he "remembered *the substance of the whole of the deceased witness' testimony,*" though there were questions asked and the answers given "*touching the same matters*" upon which the magistrate examined, that he did "*not particular remember.*" This was sufficient to let in evidence of the deceased witness' testimony.

3. The only question in this case is, were the parties the same before the justice and the Circuit Court? No one made complaint about the larceny of the mule, but that did not take away the authority of the justice to examine into it. A justice of the peace is an officer appointed to investigate the commissions of offences against the public—to bind over and commit offenders upon probable cause and certify the examinations.— Clay 446 to 460. If it should appear that a separate and distinct offence from the one complained of has been committed, it would be his duty to examine into that also, just the same as if complaint had been made. It would then be a case before the magistrate,—a *lis pendens.* Such is the case before the court.

4. The reason for rejecting the testimony, unless the parties were the same in both trials, is based upon the want of an opportunity to cross-examine. The reason of the law does not apply in this case, for the party had that opportunity and *did* cross-examine the deceased witness—"*cessat ratio, cessat ipsa lex.*"—1 Greenl. 164.

5. Evidence of what a deceased witness swore before a coroner's inquest may be given, and the reason is that a coroner is an officer appointed by law and is presumed to discharge his duty fairly and impartially. The same reason applies to a justice.—Bull. N. P. 242; 2 Johns. 17.

DARGAN, C. J.—The plaintiff in error was indicted and convicted in the Circuit Court of Autauga for stealing a mule. On the trial a bill of exceptions was taken which shows that the State introduced one Saunders, a justice of the peace, who swore that the deceased was arrested and brought before him

on a charge of stealing a buggy, and that one Connolly who is now dead, testified before him on the examination of the charge and in the presence of the prisoner. The witness stated that he distinctly remembered the whole of the substance of Connolly's testimony, but that after he had examined Connolly the attorney of the accused asked him some unimportant questions, which questions and the answers to them he did not particularly remember, and again repeated that he remembered the whole of the substance of his testimony. The testimony of Connolly was not reduced to writing by the justice. Upon this predicate he was permitted to state what Connolly swore on the trial before him, and which tended to prove that on the morning after the mule was stolen he saw it in the possession of the accused working in a buggy. There was no charge prefered against the accused before the justice for stealing the mule, nor did the justice take cognizance of or inquire into it.

The counsel for the prisoner contend that the court erred in permitting the justice to give evidence of Connolly's testimony before him, for three reasons—First, because the testimony of Connolly not being reduced to writing, parol proof could not be received to show what he stated; secondly, because the witness could not recollect the language of the deceased witness nor the precise answers he gave to the cross-interrogatories propounded to him by the counsel of the accused; and thirdly, because Connolly was examined on a charge for the larceny of a buggy, and not for the larceny of a mule; consequently what he said in reference to the larceny of the mule was incompetent evidence.

1. The rule is well settled that in civil causes it is permissible to prove what a deceased witness swore on a former trial of the same cause between the same parties.—Gildersleeve v. Carraway, 10 Ala. 260; Greenl. Ev. § 163. And I see no reason why such evidence should be excluded in criminal cases. The same tests to elicit the truth have been or might have been applied to the testimony of the witness, whether he was examined in a civil or criminal case, that is the witness was duly sworn by competent authority and the accused had the opportunity of cross-examining him. In the case of The Commonwealth v. Richards, 18 Pick. 434, the question was whether it was admissible in a criminal case to prove what a deceased

witness had stated on the examination of the accused before the committing magistrate. The court held the testimony admissible. In the case of The State v. Hooker, 17 Verm. 658, the same question arose under precisely similar circumstances and the court allowed the evidence.——See, also, The United States v. Wood, 3 Wash. C. C. R. 244 ; Johnson v. The State, 2 Yer. 58. These authorities, I think, sufficiently show that the rule is the same in regard to the admissions of such testimony, whether it be in a civil or criminal case. It is true the statute requires that the testimony of the witnesses shall be reduced to writing by the committing magistrate, but it does not in express words make such testimony evidence, if the witness should die, but we all know that testimony thus reduced to writing is legitimate proof after the death of the witness. How, I ask, does it become evidence? Not by force of the statute, for that does not make it evidence. It must therefore become competent proof upon the general rules of evidence—that is, the witness was duly sworn by competent authority and the accused had the opportunity of cross-examining him. · It is these tests that render the testimony of the deceased witness competent proof, and not that it was reduced to writing. If therefore the committing magistrate shall fail or neglect to do his duty in reducing the evidence taken before him to writing, this will not take from the testimony of the deceased witness either of the tests requisite for its admissibility as proof. Nor was it the design of the act to alter the rules of evidence in reference to such testimony. It was only intended to preserve the evidence, but not to alter the law in regard to its admissibility. True if the magistrate had not omitted to do his duty and had taken down in writing the testimony of the deceased witness, this examination would have been the best evidence of what the witness swore, but as he failed to do it, this omission does not destroy the evidence of the deceased witness as competent proof, if it can be recollected and accurately stated upon another trial.

2. It is well settled by the decisions of this court, that if the witness can state the substance of the whole of the testimony of the deceased witness, it is sufficient to enable him to give evidence of it, though he cannot recollect the precise words.—— Gildersleeve v. Carraway, 10 Ala. 260; Tharpe v. The State, 15 ib. 749. It was formerly held that a person called to testify

to what a deceased witness had said must be able to state his precise words, but this rule has been relaxed, and it is now conceded that if the witness is able to state the substance of all the deceased witness said, that this is sufficient.—Greenl. Ev. § 165; Connell v. Greene, 10 S. & R. 14; Coates v. Lenox, 5 Rand. 34. We do not think this rule of law was violated in permitting the witness to testify when he distinctly remembered the substance of the whole of Connolly's testimony. He could not recollect the precise answer to the cross-interrogatories, nor the interrogatories themselves, but remembered the substance of all the witness swore. In the case of Tharpe v. The State, *supra*, the magistrate who was offered to prove what the deceased witness stated had reduced only such portions of his testimony to writing as he deemed material at the time, and was then allowed to prove the substance of what he had reduced to writing. This we held to be erroneous, because the magistrate did not undertake to state the substance of the whole the deceased witness said, but only the substance of that portion he had reduced to writing. Here, however, the writing stated that he remembered the substance of the whole of Connolly's testimony. This brought his testimony directly within the settled rule, and that he could not recollect the interrogatories or the precise answers to them, did not render his testimony illegal, if he could state the substance of all the deceased witness said both on his direct and cross-examination.

3. But we think it clear that what Connolly stated tending to prove the larceny of the mule was incompetent proof. In order to admit such evidence the point in issue in both actions must be the same. Thus where the issue in the former action was upon a common or free fishery, and in the latter upon a several fishery, evidence of what a witness since deceased swore on the former trial is inadmissible.—Melvin v. Whiting, 7 Pick. 79; Greenl. Ev. § 164. The trial before the magistrate was on the charge of stealing a buggy—there was no charge prefered against the accused for stealing the mule, nor did the magistrate take cognizance of or examine into this charge. The issue or charge tried by the justice was not the same, but differed widely from the issue or crime for which the prisoner was indicted. What Connolly said on the examination of the charge tried by the justice therefore was wholly incompetent evidence

on the trial of this cause, and for this reason the evidence of the magistrate was improperly admitted and the judgment must be reversed and the cause remanded for another trial.