HON. PIERPOINT ISHAM, }
HON. MILO L. BENNETT, } ASSISTANT JUDGES.

---

HENRY STANLEY *v.* EZRA & JEROME BARKER.

*Book Account. Jurisdiction.*

The jurisdiction, in civil actions, of any court, will not, as a general rule, be defeated by rigid construction, where the matter is fairly doubtful.

The jurisdiction invoked by the party in good faith, fairly believing in its validity, will usually be sustained.

BOOK ACCOUNT. Judgment to account was rendered in the County Court, and auditors were appointed, who reported substantially as follows:

That plaintiff's account is principally for work on a saw-mill,

and amounts to the sum of $169 75; and on plaintiff's account are two items of credit, to wit: "By cash and sundries, $14 46; "by judgment against Ezra Barker, paid, $65 05."

That the plaintiff commenced an action against the said Ezra, one of the defendants on this same account, at the December Term of the County Court, in 1848; that an auditor was appointed, who found that $65 05 of said account was due from the said Ezra, and that the balance was due from the said Ezra and Jerome Barker, the defendants; that on said report, judgment was rendered for the plaintiff.

The auditors found that said account, so allowed, against said Ezra, was the last part of plaintiff's account, as charged, (said account being for labor by the day,) and that the amount audited by the former auditor, was not proper matter for their consideration, and regarded it as res adjudicata. And the effect that this would have on the question of jurisdiction, was left to the court to determine.

The auditors allowed the plaintiff's account, at the sum of $66 79; and farther reported, that the defendants claimed and offered evidence, tending to show that they had sustained damages, in consequence of want of skill and workmanship, in the work done by the plaintiff.

The auditors found that defendants did sustain damages, as claimed, to the amount of $41 62; and that there was due from the defendants to the plaintiff, including interest, $30 82, to balance book accounts between them.

The defendants filed a plea to the jurisdiction of the court; also exceptions to the report of the auditors, for the reasons following: that the auditors have not reported the account of the plaintiff in this case; and that several items, and the particular items thereof, allowed and disallowed, and the facts relating thereto; and what particular item or items were formerly adjusted.

The County Court, June Term, 1852—POLAND J. presiding—rendered judgment on the report, for the plaintiff to recover the amount found due by the auditors, and his costs.

Exceptions by defendants.

O. T. Brown and J. D. Stoddard for defendants.

1. No satisfactory inference can be drawn from the report, as to

the date, or upon which charge in the plaintiff's account the audit commenced at; the items are not numbered, and when added, will not amount to the sum allowed. The auditors should have stated in their report, the items that they found included in the former judgment, or they should have stated the items allowed, or those disallowed. *Mack* v. *Brush*, 5 Vt. 70.

2. But if the record is adjudged sufficient to show, upon what account the judgment of the County Court was rendered, then we insist, that it is clear that the County Court had not original jurisdiction, and should have dismissed the action.

The *debit* side of the plaintiff's book, or account, is the criterion of jurisdiction.

The charges must be such as are ordinarily made on book, and such only as the plaintiff and his counsel, in the exercise of reasonable discretion and prudence, might conclude he had the right to recover for, in this form of action.

Can it be supposed, that the plaintiff had reasonable ground to believe he had the right to rely upon that part of his account, which had been merged in a former judgment? And would not this judgment as effectually close the currency of the account, as a settlement between the same parties? *Gilson* v. *Sumner*, 6 Vt. 163.

The proper charges on debit side of plaintiff's book, being less than one hundred dollars, the defendants had the right of a trial before a justice of the peace.

*Geo. C. Cahoon* and *E. A. Cahoon* for plaintiff.

1. The character of the auditor's report in the case of this plaintiff against the said Ezra Barker, the situation of the parties, and all the attending circumstances, compelled the plaintiff to present his account, as it appears in this case, and its presentation in this form, does no injustice to the defendants.

2. But the *debit* side of the plaintiff's book is really more than one hundred dollars; and, even were it not so, under circumstances where the jurisdiction is doubtful, the court will sustain it. *Perkins* v. *Rich*, 12 Vt. 595. *Spafford* v. *Richardson*, 13 Vt. 224. *Stevens* v. *Pearson*, 5 Vt. 503. *Cooley* v. *Aiken*, 15 Vt. 322. *Gray* v. *Wheeler*, 15 Vt. 502. *Reed et al.*, v. *Talford*, 10 Vt. 568. *Stone et al.*, v. *Foster*, 19 Vt. 546.

Stanley *v.* Barker et al.

The opinion of the court was delivered by

REDFIELD, Ch. J. The only question raised, in the present case, is in regard to the jurisdiction of the County Court. It is not usual to defeat the jurisdiction of any court, in civil actions, by rigid construction, where the matter is fairly doubtful. The course of the decisions of this court upon that subject, show that the jurisdiction invoked by the party in good faith, fairly believing in its validity, has most usually been sustained. And this is as it should be. It is sometimes perplexing to know precisely to which of two jurisdictions a case does properly belong. The present case seems to be somewhat of that character.

Upon one construction of the former report, this action would more properly fall to the jurisdiction of a justice court, i. e., if the payment is to be regarded as clearly applicable to that portion of the account, for which these defendants are not jointly liable. But those points do not very definitely appear. Indeed, nothing appears, but that the sum collected of Ezra Barker should be allowed, as a payment of the account. This is the form in which the matter is stated by the auditors, and the view taken of the case probably, by the plaintiff's counsel, in bringing the action. And we are not prepared to say he did not act in good faith, and with all due circumspection ; and, in short, that it is not the proper construction of the case. We incline to think it is all that can certainly be made of both reports. The case, then, was properly brought in the County Court.

Judgment affirmed.