Hon. JOHN PIERPOINT,
Hon. JAMES BARRETT,  } ASSISTANT JUDGES.
Hon. LOYAL C. KELLOGG,

---

PASCHAL MILLER *v.* HORACE LIVINGSTON.

*Jurisdiction.*

Where on the face of the plaintiff's declaration the county court had jurisdiction, but upon his own evidence it appeared that his demand had been reduced by payment to fifty-six dollars, it was *held*, that this court had not original jurisdiction.

GENERAL ASSUMPSIT. Pleas, the general issue, payment and set-off.

The defendant moved to dismiss the action on the ground that the county court had not jurisdiction. The court at the April Term, 1864, ALDIS, J., presiding, *pro forma*, overruled the motion,—to which the defendant excepted. The facts are set forth in the opinion of the court.

*H. S. Royce,* for the defendant, cited *Strong* v. *McConnell,* 10 Vt. 231 ; *Chellis* v. *Woods,* 11 Vt. 466 ; *Hair* v. *Bell,* 6 Vt. 35 ; *Stevens* v. *Howe,* 6 Vt. 572 ; *Thompson* v. *Colony,* 6 Vt. 91 ; *Bank of Rutland* v. *Cramton,* 28 Vt. 330.

*M. Buck,* for the plaintiff, cited *Cooley* v. *Aiken,* 15 Vt. 322 ; *Stanley* v. *Barker et al.,* 25 Vt. 507 ; *Hall* v. *Wadsworth,* 28 Vt. 410 ; *Spafford* v. *Richardson,* 13 Vt. 224 ; *Farmers M. F. Ins. Co.* v. *Marshall,* 29 Vt. 23.

BARRETT, J.   By the contract which was the basis of the plaintiff's cause of action, he was to have of the defendant $150. for erecting certain buildings, which he did erect according to the contract.   Sixty dollars was to be, and was, paid during the progress of the work ; and forty dollars was to be paid in cabinet ware on request; and the same was so paid, soon after the plaintiff had completed his work for the defendant, and before this suit was brought.   The remaining fifty dollars was to be paid w,ithin sixty days after the completion of said work.   This action was brought to recover that fifty dollars, and six dollars and seventy-five cents for extra work.   This all appeared from the plaintiff's evidence, in the opening of his case. Whereupon the defendant moved to dismiss the action for want of original jurisdiction in the county court, to which the suit was brought.   The motion was, *pro forma,* overruled.   The only question is upon the action of the county court in overruling that motion ; and this stands upon the state of the case at the time said motion was made, and unaffected by the result of the trial that proceeded under the pleadings.

The declaration was *indebitatus assumpsit* for work and labor, and the other general counts, alleging damages in the sum of five hundred dollars.

On the face of the declaration the county court had jurisdiction. But this is not conclusive of the question of jurisdiction.

In the action of book account, and in actions on promissory notes, the statute arbitrarily prescribes the criterion of jurisdiction. In other cases it is left to depend on the matter in demand.   In the great variety of cases that have involved the question of jurisdiction there have been expressions in the published opinions, and perhaps there have been decisions, which seem to be incongruous, if not con-

flicting. Still upon the whole there seems to be a pretty well defined line of principle and adjudication to guide in the decision of the present case.

What is the meaning of "matter in demand," as used in the statute? It seems to us to be properly answered in legal phrase, by saying, it is the plaintiff's cause of action,—or, in other words, it is the claim which the plaintiff brings his suit for the purpose of enforcing. This of course is not measured and limited by the amount of ultimate recovery; but may be extended to what, upon the cause of action set forth and the evidence offered by the plaintiff, may constitute the ground and extent of his claim. In many cases that ground and that extent of claim may turn out to be much less than the plaintiff and his counsel supposed, either because the court should take a different view of the law, as to what constitutes a right of action, or as to the legal character and quality of the evidence relied upon to support such right of action, or as to the rule and measure of open and unliquidated damages. It is with reference to such cases that the judges have discoursed upon *good faith* in bringing the suit, as operating in favor of upholding jurisdiction. In such cases, if, upon the plaintiff's theory of his case, the court would have jurisdiction, then it is said that, if the plaintiff in good faith brings his suit in the county court, he is permitted to remain there and litigate his claim and right. This is well illustrated by several cases in our own reports,—particularly in actions sounding in *tort*, when damages beyond the value of the property in question are, within the province of the law, permissible to be recovered. The case of *Brainard* v. *Austin*, 17 Vt. 650, (an action of assumpsit,) well illustrates it; and what we regard as the true rule, and the good sense of the law, is clearly stated by Judge HEBARD in the opinion in that case. See p. 653.

In *Southwick et al.* v. *Merrill*, 3 Vt. 320, Ch. J. PRENTISS states, what we still regard as sound and unrepealed law, that, "when the want of jurisdiction appears from the face of the writ, the defendant may avail himself of the objection by plea; but when, from the writ, the court, *prima facie*, has jurisdiction, but it appears on trial, from the plaintiff's own showing, that his debt or demand is not of sufficient amount to give the court jurisdiction, the course is to dismiss the

action on motion. Such has always been the practice ; and if it did not prevail, it would be in the power of the plaintiff to give the court jurisdiction, in evasion of the statutes, in any case, by merely declaring for or demanding a sum exceeding one hundred dollars.

The decision of the case, and the views presented by Ch. J. RED-FIELD, in *Stanley* v. *Barker*, 25 Vt. 507, are in consonance with the cases· above cited, and with what we have said on this subject. That was a case involving doubt as to the extent of the plaintiff's right. In one view which might honestly be taken, the case was within the jurisdiction of the county court. In another view it was not. Judge REDFIELD is not to be understood as placing the matter of jurisdiction upon the sole ground of *good faith.* Other elements must, in his opinion, conspire—such as the statute specially requires.

So the matter is presented by Judge BENNETT, in *Hall* v. *Wadsworth*, 28 Vt. 410. He says, "there is nothing in the case to show any bad faith in bringing this suit originally to the county court. That court has apparent jurisdiction on the face of the process ; and though the referee finds that the largest sum which the plaintiff could have expected to recover for principal was less than one hundred dollars, yet when the claims were adjusted the amount of principal and interest exceeded one hundred dollars. The plaintiff might well have apprehended that such would be the fact when he commenced his suit."

In the light of the statute, and of the adjudged cases, we think it entirely clear that the county court had not jurisdiction of the present case. Upon the plaintiff's own showing, he not only could not, but knew he could not recover over some fifty-six dollars. That was all he claimed to be owing to him by the defendant ; and it was for that alone that he brought his suit. That the original contract entitled him to be paid one hundred and fifty dollars did not enlarge his cause of action, after he had been paid one hundred dollars according to the provisions of the contract. This very point existed and was decided in *Southwick et al.* v. *Merrill*, 3 Vt. 320.

In that case the declaration was on a judgment for upwards of five hundred dollars—not setting forth that any payments had been made on it. When the record was produced in evidence it appeared that payments had been made and endorsed, so that the balance remain-

ing unpaid was less than one hundred dollars. The court held that the county court had not jurisdiction.

The language of Judge MATTOCKS, in *Stevens* v. *Howe*, 6 Vt. 572, is directly in point, and expresses the true view as to the effect of payments made and received on a previous debt, to the effect that they *pro tanto* extinguish it, and what is not paid is the debt or matter in demand, equally when the transaction all rests in parol, as when it is evidenced by writing or record.

The special plea of payment in bar, and the plea in offset *in bar* in this case, do not affect the question of jurisdiction, for their operation is only co-extensive with the plaintiff's cause of action and right of recovery. We are not called upon to consider or decide what might have been the effect of the plea in offset, if it closed with a prayer of judgment for any balance that might be found due to the defendant which is the only proper form of closing a plea in offset in this state under our statute.

On the whole then, the judgment is reversed, and judgment of non-suit is rendered in this court.