SCOTT AND SPAULDING *v.* M. B. McDONOUGH.

*Jurisdiction.    Book Account.*

A party cannot give a court jurisdiction by making figures on paper that he concedes do not represent the amount of claims he holds or designs to make, nor by changing the figures of charges on an original book correctly made to larger figures upon a draft of account without right.

The plaintiffs' account as it stood on his original book did not show a debit side that would give the county court original jurisdiction. Some items for paint and work were left blank as to price, and some carried out at thirty cents per pound for paint, and at $2.25 per day for work. The plaintiff presented the draft of an account, and claimed to recover thereon, on which he had carried out all items of paint at thirty cents per pound, and all items for work at $2.50 per day, which made the debit side of said draft above $200. The plaintiff claimed the right to recover only twenty cents per pound for paint, and the auditor found that the work was correctly charged on the original book at $2.25 per day, and that all said blanks for paint and work on said book should be filled at those prices respectively. *Held*, that the jurisdiction depended upon the original book and not upon the draft of account; that there was no ground upon which the plaintiff could increase the debtor side of his book by transferring items from the book to a mere draft of account and adding thereto sums that they had no right to claim or have allowed.

THIS was an action on book, commenced, originally, in the county court, and was referred to an auditor, who reported a balance of one hundred and two dollars due the plaintiff.

The defendant insisted before the auditor that the court had no jurisdiction of the case, but no motion to dismiss it, upon that ground, was made in writing, nor was any entered upon the docket in the county court. The court rendered judgment, September Term, 1866, PIERPOINT, Ch. J., presiding, *pro forma*, upon the report for the defendant,—to which the plaintiffs excepted.

The items of the plaintiffs' account were for paint and labor. The facts found by the auditor are substantially set forth in the opinion of the court.

*Henry Ballard*, for the plaintiffs, maintained that the county court had original jurisdiction of the case, and cited *Joyal* v. *Barney*, 20 Vt. 154; *Cooley* v. *Aiken*, 15 Vt. 322; *Hefflin* v. *Bell*, 30 Vt. 134; *Henry* v. *Tillson*, 17, Vt. 479; *Mason* v. *Potter*, 26, Vt. 722; *Nichols* v. *Packard*, 16 Vt. 91.

*Hard & Shaw*, for the defendant.

The test of jurisdiction in book account is the debit side of the *actual book* of the plaintiffs, at the time of the commencement of the suit; not that of any account varying from his book, which he may present before the auditor. G. S. p. 279, § 20; *Stone* v. *Winslow*, 7 Vt. 343; *Scott & Co.* v. *Lampson*, 9 Vt. 341; *Paul* v. *Burton*, 32 Vt. 155.

The charges of paint which are carried out at thirty cents per pound can not stand, but must, as a test of jurisdiction, be reduced to twenty cents per pound, that being all that the plaintiffs claimed. *Catlin* v. *Aiken*, 5 Vt. 179; *Phelps* v: *Wood*, 9 Vt. 403; *Scott & Co.* v. *Sampson*, 9 Vt. 339; *Hodges* v. *Fox*, 36 Vt. 74; *Brush* v. *Hurlburt*, 3 Vt. 46; *Nichols* v. *Packard*, 16 Vt. 91. The *blank* charges for paint cannot be legally carried out as a test of jurisdiction at more than twenty cents. Nor should the court fill the blank charges for work, prior to June 23d, 1865, at more than $2.25 per day.

The opinion of the court was delivered by

BARRETT, J. The only question in this case is, whether the county court had original jurisdiction.

The account as it stood on the original book of the plaintiffs did not show a debit side that would authorize the suit to be brought into the county court. Some items for paint were left blank as to price, and some were carried out at thirty cents per pound. Some items of work were left blank, and some were carried out at $2.25 per day.

In order to make a debit side that would show a sufficient amount to give jurisdiction, it was necessary to fill all the blanks for paint at thirty cents per pound, and to fill all the blanks for work at $2.50 per day, and raise those carried out at $2.25 to $2.50 per day.

So, instead of producing and offering the original book, in the first instance before the auditor, the plaintiffs presented an account drawn up on paper, in which all the items of paint were at thirty cents per pound, and all the items of work at $2.50 per day.

The report shows that by the agreement, under which they furnished the paints, the plaintiffs admitted they were to have only

twenty cents per pound for them, and they did not claim to recover more. The report shows also that the work was correctly charged on the original book at $2.25, and that all the items, except for a very small proportion of the work, and that done after June 23d, should be charged at $2.25 per day.

In respect to the charges for the paints the plaintiffs' explanation is that they carried them out at the retail price, and were designing to make the account balance properly by crediting the over charge of ten cents per pound. Enough has now been stated to enable us to present the point and ground of the decision to be made, which may be intelligibly announced by saying that in the opinion of the court a party cannot give a court jurisdiction by making figures on paper that he concedes do not represent the amount of the claim he holds or designs to make, nor by changing the figures of charges on an original book, correctly made, to larger figures upon a draft of account without right. The same rule and reason would apply in this case as were adopted and assigned in *Miller* v. *Livingsto-*, 37 Vt. 467, though that was an action of *assumpsit*. What Judge PRENTISS said in *Southwick* v. *Merrill*, 3 Vt. 320, substituting " the debtor side of the plaintiffs' book" in place of the words " debt or demand," is precisely applicable to the present case, viz : " where it appears from the plaintiff's own showing that the debtor side of his book is not of sufficient amount to give the court jurisdiction," etc.

The good faith that is spoken of in the cases does not mean mere honesty of intention as to the ultimate adjustment of accounts between the parties, but it has reference to the view in which the party has made his charges, as indicating the subject matter and amount for which he claims to be allowed in the adjustment of the accounts existing between him and the defendant.

Items that are not based upon transaction of deal or business of course could not be considered as constituting or entering into the debtor side of the plaintiff's book. No better could sums, in excess of what the plaintiff claimed to be his right to charge and have allowed, be regarded in determining the amount of the debtor side of his book. If they were to be so regarded, a party could make or

unmake the jurisdiction of courts by what he himself knows and acknowledges to be mere fiction, not even founded on fact.

Then, as to the charges on the original book, as they were made correctly and indicated all that the plaintiffs had a right to claim in respect to them, it would seem that there was no ground upon which the plaintiffs could increase the debtor side of their book, by transferring those items from the book to a mere draft of account, and adding thereto sums that they had no right to claim or have allowed.

If they had charged the larger instead of the smaller sum on the book in making the original charge, and claimed a right to recover or be allowed the larger instead of the smaller sum, it would present an entirely different aspect of the subject from that which now comes before us in this respect.

Judgment affirmed.