S. &'O. B. SCOTT AND J. C. HUTCHINS *v.* A. A. MOORE AND L. W. MARTIN.

*Jurisdiction. Juror. Practice.*

\Where in an action in assumpsit in the common counts only, the plaintiff's specification being for $225, brought in good faith in the county court, the plaintiff believing he had a ,valid claim for more than $200, the discovery was first made after the plaintiff had put in his evidence and rested his case, that there was an error in the plaintiff's bill which re-ɕduced his claim below $200, it was *held* that the court properly refused to dismiss the action for want of jurisdiction. The criterion of jurisdiction is the amount of the matter in demand, as distinguished from the amount recovered.
'.The fact that a juror is not sworn, is an irregularity which the parties may waive. The court certainly should not set aside a verdict for this cause, unless the party asking it, as ,well as his counsel, was ignorant of the fact during the trial. Failing to show that they were thus ignorant, the court would be justified in the inference that they were not, and, if not, the irregularity should be treated as waived.
.An application to the court, after announcing their decision, to receive affidavits showing the fact of such ignorance, is addressed to the discretion [of the court. The refusal to receive them, is a point not subject to exception.

ASSUMPSIT. Declaration in the common counts only. Pleas, the general issue, and pleas in offset. Trial by jury, December ·term, 1867, WILSON, J., presiding. The plaintiffs' specification filed in the case, is as follows:

" Oct., 1865. To balance money paid out, and services buying butter, $225."

It appeared on trial that in July, 1865, the defendants employed ,the plaintiffs to buy butter for the defendants as their agents, ,and gave them instructions as to the amount to buy per week, and to pay what others were paying, etc., and this action was brought ,to recover the balance due the plaintiffs for money paid out, and ;services in buying butter, as such agents.

After the plaintiffs rested their case and the defendants commenced putting in their evidence, the defendants discovered an error in one of the bills of butter, by which it was made about $100 too large. The defendants had that bill in their possession from and after it was delivered to them by the plaintiffs on the 4th of October, 1865. It appeared that neither of the plaintiffs or the defendants had any knowledge of the error, until it was discovered by one of the defendants on examination of the bill after the plaintiffs had rested their case, and the plaintiffs' attention was first called to the error while the defendant Moore was testifying. The plaintiffs' original book was put into the case, on which the balance stood against the defendants at about $300, the deductions above referred to not having been made. It appeared that the plaintiffs acted in good faith in bringing the suit originally in the county court, they believing that the amount their due exceeded $200. The defendants moved to dismiss the action for want of jurisdiction in the county court to try the case. The court *pro forma* overruled the motion, to which the defendants excepted.

Exceptions were taken to the charge of the court upon some points, but, the same having been waived in the argument in the supreme court, the facts in reference to the same are omitted in this statement.

Verdict was rendered for the plaintiffs.

After verdict and judgment in the cause, the defendants filed a motion to set aside the verdict and for a new trial, on the ground that C. S. Prouty, one of the jury on the trial of said cause, did not take the oath prescribed by law, until after the verdict had been given in court. It appeared, upon hearing said motion, that the trial was commenced on the 4th day of December, 1867, and the cause was submitted to the jury on the 7th day of said month. During the whole trial both the defendants and their attorneys were present. It appeared that said Prouty was not sworn. The only testimony as to whether either of the defendants or their counsel was, or was not, ignorant of the fact that the juror was not sworn, is that contained in the affidavit of W. Brigham, Esq. It appeared from the affidavit of said Brigham, that he did not

know, until after verdict and judgment, that said Prouty was not sworn. Upon the foregoing facts, the court *pro forma* overruled said motion, to which ruling the defendants excepted. After the court decided said motion and overruled the same, the defendants' counsel asked leave to put into the case the testimony of the defendants and their other counsel, that they did not know, until after the verdict, that said Prouty was not sworn before the verdict was rendered. The testimony was rejected on the ground that the offer was out of time, to which the defendants excepted.

*Brigham & Waterman*, for the defendants.

The county court did not have jurisdiction of this case, and should have dismissed it on motion. *Miller* v. *Livingston*, 37 Vt., 467 ; *Southwick et al.* v. *Merrill*, 3 Vt., 320 ; *Stanley* v. *Barker et al.*, 25 Vt., 507.

The juror's not being sworn, constitutes such an irregularity that a new trial should be granted. Gen. Sts., ch. 128, § 1; 2 G. & W. on New Trials, 196 ; *Harriman* v. *State*, 2 Iowa, 270 ; *Patterson* v. *State*, 2 English, 59 ; *State* v. *Jones*, 5 Ala., 666 ; *Dyson* v. *State*, 26 Miss., 362.

The same principle governs in civil and criminal trials. 2, G. & W. on New Trials, 416, 417.

Whether the defendants or their counsel had knowledge of this irregularity, is sufficiently negatived by the motion and the affidavits in support of it. At all events, the court should have received the affidavits of the parties and counsel, when they were offered. *Orcutt* v. *Carpenter*, 1 Tyl., 250 ; *Deming & Wellman* v. *Hurlbut et al.*, 2 D. Chip., 45 ; *French* v. *Smith et al.*, 4 Vt., 363.

*Powers & Gleed* and *Benton & Wilson*, for the plaintiffs.

The county court had original jurisdiction. *Stoddard* v. *Hill,* Lamoille co., August term, 1859 ; *Gale* v. *Bonyea*, 1 D. Chip., 208 ; *Ladd* v. *Hill*, 4 Vt., 164 ; *Morrison* v. *Moore*, 4 Vt., 264 ; *Spafford* v. *Richardson*, 13 Vt., 224 ; *Cooley* v. *Aiken*, 15 Vt., 322 ;. *Manwell, admx.*, v. *Briggs*, 17 Vt., 176 ; *Henry* v. *Tilson*, 17 Vt., 479 ; *Joyal* v. *Barney*, 20 Vt., 154 ; *Sanborn & Catlin* v. *Chittenden*, 27 Vt., 171 ; *Hall* v. *Wadsworth*, 28 Vt., 410 ; *Powers* v..

*Thayer et al.*, 30 Vt., 361; *La Point* v. *Scott et al.*, 36 Vt., 633; *Clark, admr.*, v. *Crosby*, 37 Vt., 188.

As to the motion for new trial, the *dicta* in the elementary books on new trials are exceedingly crude, and the cases cited are not similar to the case at bar. Hilliard on New Trials, 131, and cases there cited.

When the jury are sworn, as with us, at the commencement of the term for all civil causes they try, it is not necessary for the record of each cause tried to show that the jury were sworn. 8 Texas, 351.

Objection to manner of swearing a jury comes too late on appeal, when the party was present with his counsel at the time of swearing and made no objection. *Looper* v. *Bell*, 1 Head, 373.

There are a number of adjudged cases that hold irregularities, more important than this, can not be ground for new trial, although the party seeking to avoid the verdict, was clearly shown to be ignorant of the objection. *Hill* v. *Yates*, 12 East, 303; 9 Cush., 268; *Edmondson* v. *Wallace*, 20 Geo., 660; *Bourke* v. *James & Kneeland*, 4 Mich., 336; *Thrall* v. *Smiley et al.*, 9 Cal., 529; Bristow's case, 15 Gratt., 634; *Josey* v. *Wilmington and C. R. R.*, 12 Richardson, 133; *Cannon, admr.*, v. *Bullock*, 26 Geo., 431; *Rector* v. *Hudson*, 20 Tex., 234; 22 Tex., 105; 13 Ind., 90; 4 Dall., 353; 9 Dana, 303; 8 B. & C., 417; *Gilbert* v. *Rider*, Kirby, 180; *State* v. *Hascall*, 6 N. H., 352; *Briggs* v. *Georgia*, 15 Vt., 61.

In Vermont, since jurors are drawn for a full term of court, and sworn for the whole term, they become public officers, and, as such, their doings as *de facto* officers are valid, although they might not have been regularly drawn and qualified. *McGregor* v. *Balch et al.*, 14 Vt., 428; 15 Mass., 180.

The opinion of the court was delivered by

PROUT, J. On the argument of these exceptions three questions only are insisted upon by the counsel of the defendants, the exception as to the correctness of the charge to the jury, being abandoned.

I. It is insisted that the county court had not jurisdiction of the cause, but should have dismissed it on the defendants' motion.

The action is assumpsit, the declaration containing the common counts only, and the plaintiffs' specification filed in the cause, showing that they claimed to recover the sum of two hundred and twenty-five dollars. The motion to dismiss is based upon these facts: after the plaintiffs had put in their evidence and rested their case, the defendants on examination discovered an error in one of the bills of butter carried into the plaintiffs' claim or account, by which it was made one hundred dollars too large, leaving actually due the plaintiffs only the sum of one hundred and twenty-five dollars, instead of the balance set forth in the specification. The defendants had had this bill in which the error was detected from the time it was delivered to them in October, 1865, and neither of the parties discovered the mistake, until it was detected on the trial. All parties were mistaken up to that time as to the amount due. The plaintiffs' book was put into the case, which showed a larger balance due the plaintiffs than their specification, and the case finds that the plaintiffs, in bringing their action to the county court, acted in good faith, believing the amount their due exceeded the sum of two hundred dollars. The adjudged cases seem to settle the question. In *Powers* v. *Thayer et al.*, 30 Vt., 361, which was an action of assumpsit for money paid, PIERPOINT, J., remarks in the course of the opinion: " The rule is well established, that, when a plaintiff brings his action in the county court in good faith, believing that he has a just claim to more than one hundred dollars (which was the extent of a justice's jurisdiction when that action was commenced), the court will not dismiss the case for want of jurisdiction, although the plaintiff fails on trial to establish a claim to that amount." In *Brainard* v. *Austin*, 17 Vt., 650, which was also an action of assumpsit, HEBARD, J., says : " If the plaintiff sets up a claim exceeding one hundred dollars, and introduces testimony tending to establish it, and it appears the action was brought in good faith, the plaintiff supposing that a right to recover the claim existed, the jurisdiction of the court will not be ousted, though it may turn out that the plaintiff misjudged as to his right." And in *Miller* v. *Livingston*, 37 Vt., 467, BARRETT, J., in commenting on the general question, uses this language : " In the action of book ac-

14.

count and in actions on promissory notes, the statute arbitrarily prescribes the criterion of jurisdiction. In other cases it is left to depend on the matter in demand," and *Brainard* v. *Austin*, *supra*, is cited as illustrating and laying down the correct rule. See also *Spafford* v. *Richardson*, 13 Vt., 224, and *Stanley* v. *Barker et al.*, 25 Vt., 507.

In the present case, the matter in demand and in controversy was, as indicated by the principle of the cases referred to, the amount of the plaintiffs' claim, as unaffected by unintentional errors not known or discovered when the action was commenced. In such cases the jurisdiction of the court would be no more affected by such error in this form of action upon the facts, than it would be by the disallowance on trial of a portion of a claim which in the aggregate was within the apparent jurisdiction of the court, for any other cause or reason. The criterion is the amount of the matter in demand, as distinguished from the amount recovered. The court were, therefore, correct in refusing to dismiss the action.

II. The defendants also insist that the verdict of the jury should have been set aside, for the reason that one of the jurors was not sworn before it was given in court. On the trial the defendants had the aid of several counselors, and the motion is supported by the affidavit of only one of them, who testifies that he was ignorant of the fact that the juror was not sworn, until after the trial closed.

The fact that the juror was not sworn, was an irregularity the party might waive, as necessarily it could not affect the fairness of the trial. The juror may have acted as conscientiously and as impartially in the discharge of his duty as a juror, as he would have done under oath. It is not shown that he did not. This being a matter, then, that a party may waive, having a knowledge of the fact, we are not disposed to be more strict or to apply a different rule than applies to a case of known cause of challenge to a juror, which a party waives, or neglects to bring to the attention of the court. A new trial will not be granted for that. *Jeffries et al.* v. *Randall*, 14 Mass., 205. But without making any question as to the sufficiency of the cause alleged in point of law, making it

the duty of the court to set aside the verdict, they should not do so unless the party, the defendants, as well as their counsel, were ignorant of the fact relied upon.    This is essential, and in this case was the foundation of the application to set the verdict aside ; and the question was one of *fact*, whether or not they knew the juror was not sworn.    On this question knowledge of counsel is as material as knowledge of the defendants, as they are affected by what is within their counsel's knowledge relating to the cause, and which does, or does not, transpire in court.    In this view, there may be some difficulty in entertaining the exceptions upon this point, but, treating the decision of the county court as a *pro forma* ruling of the law, the decision was correct, as it does not appear that the defendants, and one of their counsel attending the trial, did not know that the juror was not sworn.    The inquiry involved the necessity of showing a want of knowledge of the fact on the part of the defendants and counsel, and this evidence was peculiar to them.    Not producing it on the trial, justified the inference, which the court no doubt made, that all concerned were not wholly ignorant of the condition of affairs ; and, if not, the irregularity should be treated as waived.

III.    The application to the court to receive additional affidavits after the decision was announced, was addressed to their discretion.    The refusal to receive them, is a point that is not subject to exception.

The judgment of the county court is affirmed.