JOSEPH C. WHITCHER v. TOWN OF PEACHAM.*

*Right to go to Jury.    Practice.    Waiver.*

In case for injury upon highway, there was plea of general issue, with notice of settlement.    Evidence being all in, plaintiff urged that that of defendant, if true, was insufficient to prove the allegation of the notice, but the court submitted the question to the jury.    *Held*, that on the evidence, *q. v.*, the question was properly so submitted.

Plaintiff moved to set aside the verdict and for a new trial, for that in course of the trial certain of the jurors saw the horse alleged to have been injured as they were passing into court, and stopped to examine it.    It appeared that immediately on the assembling of the jury the attention of the court was called thereto, and the fact became the subject of an investigation that was participated in by plaintiff's counsel, and that he made no demand to have the jury discharged and a new panel called, nor any objection to proceeding with the trial.    *Held*, that plaintiff waived his right to take advantage of the conduct of the jurors.

CASE for injury upon a highway.    Plea, general issue, with notice of settlement.    Trial by jury, June Term, 1878, Caledonia County, Ross, J., presiding.

The injury in question, which was to horse and wagon, was received on October 27, 1876.    On or about November 15, two of the defendant's selectmen went to the plaintiff's, and had conversation with him in regard to a settlement of his claim, but, as the plaintiff said, came to no agreement.    The defendant offered evidence tending to show that the plaintiff then said he would take $10 for damages to the wagon, and for medicine and care for the horse, and that the horse was not permanently injured, but only scratched a little ; that the selectmen then made no distinct or binding offer, and that the plaintiff accepted none ;    that when they went away they told the plaintiff they would see the other selectmen, and,

---

* Heard at an adjourned term, May, 1880.

Whitcher *v.* Peacham.

if they concluded to settle, would send him an order; that they saw the other selectmen, and sent the plaintiff an order for $10, which they understood was in payment for all damages to both horse and wagon ; that the order was not afterwards reported to the town as outstanding, for the reason that as they kept no record of orders it was overlooked. There was some evidence tending to show that the plaintiff admitted to several persons after the time of the alleged settlement that he had settled with the town. The plaintiff testified that he told the selectmen at his interview with them in November, that he would take $10 for damages to the wagon, and that if the horse came out all right that should settle the matter, but that no settlement was made ; but he admitted that he received the order within a few days of November 18, at the hands of a Mr. Sargent, who was not a town officer, and filed it, and kept it till May 3, when he handed it back to one of the defendant's selectmen. He testified that the selectman to whom he returned it received it without objection, but that was denied. The plaintiff urged that if all the evidence adduced on the part of the defendant were true, it would not prove a settlement ; but the court ruled otherwise, and submitted the question to the jury ; to which the plaintiff excepted. Verdict was found for the defendant.

The plaintiff afterwards moved to set aside the verdict and for a new trial, for that in the course of the trial several of the jurors saw the horse alleged to have been injured, as they were passing into court, and stopped to examine it. The court found that immediately on the assembling of the jury the plaintiff's counsel called the attention of the court to the fact that some of the jurors had been examining the horse ; that the court thereupon allowed counsel to inquire of the jurors, and the jurors admitted having seen the horse ; that the examination of the horse was not to the jurors corroborative of the plaintiff's testimony as to the value of the horse, or as to the extent of the depreciation claimed to have been caused by the alleged injury, but otherwise ; that one juror said he presumed he formed an opinion from the examination of the horse as to its value, and the condition of its injured leg. The court also found that the jurors did not intend to misconduct themselves by going

to examine the horse, and that they did only what might have been reasonably expected, and that the plaintiff did not know that the horse was going to be or was hitched there, until after the jurors had examined it, but did not find that any injustice was done to the·plaintiff therein, for that the jury found that he was not entitled to recover at all. The court ruled that the facts were not such as to entitle the plaintiff to a new trial, and overruled the motion, with costs ; to which the plaintiff excepted.

*Elisha May*, for the plaintiff.

When the order was returned and accepted, the former arrangement was annulled, and the parties were reinstated in their former position. Even if the plaintiff had agreed to accept the order in settlement of his claim, no rule of law would prevent a rescission. See *Smith* v. *McCall*, 48 Vt. 422.

The motion was erroneously overruled. The plaintiff was not bound to show that he was injured by the examination of the horse : it is enough if he might have been. *McDaniels* v. *McDaniels*, 40 Vt. 363 ; *Knight* v. *Freeport*, 13 Mass. 218 ; Hilliard New Trials, 167, 175, and cases *passim*.

*J. P. Lamson*, for the defendant.

There was sufficient evidence of a settlement to take the case to the jury. *Wemet* v. *Missisquoi Lime Co.* 46 Vt. 458. The finding was upon evidence, and is conclusive. *West River Bank* v. *Gale*, 42 Vt. 27 ; *Williams* v. *Heywood*, 41 Vt 279, and cases *passim*.

The motion was properly overruled.

The opinion of the court was delivered by

VEAZEY, J. One issue in the County Court was the question of settlement. The plaintiff claimed that if all the defendant's evidence on that point was true, still they had failed to make out a settlement. The court decided to submit the question to the jury ; to which the plaintiff excepted. The parties went through with all the forms of a settlement and payment. The selectmen testified that they supposed it was a settlement of all claim. There

was some testimony tending to show that the plaintiff admitted and stated to several persons subsequently to the alleged settlement, that he had settled with the town. The plaintiff insists that the return of the town order annulled all former arrangements between the parties. We do not think it had that effect. The plaintiff held the order about six months, and until the old board of selectmen had gone out of office, and then took it to one of the new board, who had had no part or knowledge in the matter. It does not appear that any action was taken upon it by the new board. The return, under all the circumstances developed in the exceptions, left the question of settlement still open. As the question comes up on this bill of exceptions we have nothing to do with the weight of the evidence. In a case of this kind, as stated by PHELPS, J., in *Jones* v. *Booth*, 10 Vt. 268, 272, and repeatedly followed in subsequent cases, the only question for our consideration is, whether the evidence relied on by the defendants had a legitimate tendency to sustain the issue on their part. In our view, the defendant's evidence tended not slightly, but substantially, to sustain their claim of settlement. Therefore it was the duty of the court to submit that question to the jury as was done.

There was also a motion to set the verdict aside, and for a new trial, on the ground that some of the jurors saw the horse during the trial as they were passing into court, and stopped to examine it. The fact was known immediately, and became the subject of investigation by the court, participated in by the plaintiff's counsel. No demand was made by the plaintiff after this investigation to have the jury discharged and a new panel called ; no objection was made to proceeding with the trial. If the jury had found that there was no settlement, and that the plaintiff was entitled to recover, this examination of the horse might possibly have had some influence on their minds on the question of damages, but it is difficult to see how it bore on the question of settlement. But however this may be, and whatever the plaintiff's rights might have been if he had objected to the further trial of the case by that panel, which it is not necessary to decide, we think that by the course he took he waived the right to take advantage of the conduct of the jurors. He elected or consented to go on with

Whitcher *v.* Peacham.

the trial, knowing all the facts that are now known constituting the alleged improper conduct of some of the jurors; and has not suffered thereby. We by no means intend to indicate any disposition to modify the strict and wholesome rules heretofore adopted in this State and elsewhere in respect to the conduct of jurors. The case is plainly distinguishable from that class cited by the plaintiff's counsel where books and documents have got into the jury's hands during their deliberations, either with or without the consent of the court. This is a case where we think it affirmatively appears that the plaintiff suffered nothing from the alleged misconduct of the jurors, and where he waived any right to question their conduct.

*Judgment affirmed.*