James W. Thomas *vs*. Betsey E. Leland and trs.

October Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler, Start and Thompson, JJ.

*V. S. 425—Notice to Taxpayer.*

If a taxpayer's list is made up by the listers by reason of his failure to return an inventory, the provisions of V. S. 425, requiring notice to the taxpayer, apply, whether they make up his list by doubling or not; and the statute is mandatory. A notice given in the mode provided by the statute, but a day or two later, is of no effect.

Trustee Process for the collection of a tax, claimed to be due from the defendant to the town of Salisbury of which the plaintiff is collector. Upon the report of a referee at the December Term, 1896, Addison County, *Tyler*, J., presiding, a *pro-forma* judgment was rendered for the defendant, and the plaintiff excepted.

The defendant, claiming to be a non-resident, returned an inventory containing her real estate only. No use of this inventory was made by the listers, nor did they deposit it in the town clerk's office. They ascertained that the defendant had debts due her from parties in this State amounting to $8,000 and made out an inventory containing her real estate and this item of personal property, and these sums, in all $8,632, they used in making up her grand list, which was, thus, $86.32.

*Charles F. Kingsley* for the plaintiff.

It does not appear that the defendant's list was made up by the doubling process, and, if not, there is no provision for notice.

Even if the statutory provision does apply it was substantially complied with.

*Button & Button* for the defendant.

There were but two courses open to the listers. One was to accept the defendant's inventory. The other was to reject it and make her list under the doubling statute. If they chose the latter course the notice was indispensable. It could not be shortened a single day. Cooley on Taxation 218–337.

TAFT, J. There is one fatal objection to a recovery by the plaintiff. The inventory made by the defendant in the year in question was rejected by the listers, and never filed in the clerk's office. After its rejection they proceeded to ascertain, as best they could, the amount of defendant's taxable property. They ascertained that she had debts due her amounting to eight thousand dollars, and made her list accordingly. It does not appear that the appraised value of her property was doubled, as required by the statute. Whether it was so done or not is immaterial, for whatever mode was pursued, it was the duty of the listers under V. S. § 425, to give the defendant a written notice, notifying her of the making of the list, on or before the first day of May of that year, or by leaving such notice at her last and usual place of abode, if a resident. Such notice was not so left until a day or two after the first day of May. The statutory provision made for notice is mandatory; a strict compliance with it in all essential particulars is a condition precedent to a valid list. As some writers say, a day too late renders the assessment void. The notification in the manner provided by the statute, after the first day of May was null. The provision requiring it to be left on or before that day was a condition precedent to a valid list, and that provision of the statute not having been complied with, the assessment was invalid and the tax cannot be collected. The making of the inventory and returning it was not a substitute for the notice required by the statute. *Brush* v. *Buker*, 56 Vt. 143.

It is unnecessary to notice the other question discussed, as there can be no recovery by the plaintiff in any aspect of the case.

*The pro-forma judgment is affirmed.*