## CHARLES JENNETT *v.* HENRY PATTEN.

### May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and HASELTON, JJ.

Opinion filed September 30, 1905.

*Trespass—Evidence—Adverse Party as Witness — Impeachment—V. S. 1246 — New Trial — Misconduct of Jurors—Waiver.*

A party is not concluded by the testimony of his, own witness, but may show that facts relevant to the issue are contrary to what such witness has stated them to be.

V. S. 1246 gives one party the right to call the adverse party as a witness and cross-examine him, and this Court cannot go behind the record and find that the plaintiff, in exercising this right, had "a deliberate plan to disparage and destroy the credit to be given defendant's testimony."

In trespass for assault and battery, after plaintiff had called defendant as his first witness and had fully cross-examined him, it was proper to allow plaintiff, and his daughter and hired boy—who were the only witnesses to the affray, and who were excluded from the court room while defendant testified—to give in evidence their

versions of the occurrence, for the purpose of showing what actually took place and not to impeach defendant, although their testimony contradicted his on material points.

After the testimony and arguments were closed and before the charge, two of the jurors who were trying the case called at defendant's house, and at their request he showed them certain objects and localities, which had been testified about in the trial and were material to the issue. After verdict defendant moved to set it aside on account of this misconduct of the jurors. The court found that defendant was in court and heard the charge, and failed to inform either the court or his counsel of the misconduct of the jurors till after verdict was rendered against him. *Held,* that by his omission to call the matter to the court's attention he waived his right to take advantage of the conduct of the jurors.

TRESPASS for assault and battery. Plea, not guilty and self-defence. Trial by jury at the September Term, 1904, Chittenden County, *Powers, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Palmer, Foster & Russell* for the defendant.

*J. J. Enright* and *R. E. Brown* for the plaintiff.

TYLER, J.   This action is trespass for an assault and battery; pleas not guilty and self-defence; verdict for the plaintiff. The plaintiff's evidence tended to show that he and the defendant met in a barn, where they had a right to be, and that words passed between them, resulting, as the plaintiff claimed, in the defendant's assaulting him. The defendant claimed that he acted in self-defence.

The exceptions state that the plaintiff called the defendant as his first witness and examined him on all points as fully as he would have been allowed to do in cross-examination if he had been called as a witness in his own behalf. The

plaintiff and witnesses called by him were then allowed to testify about the assault, and, so far as their testimony tended to contradict the defendant's testimony upon the subjects upon which he had testified, it was received under his objection and exception. This evidence was offered and admitted for the purpose of showing what actually took place between the parties and not to impeach the defendant, although it contradicted the testimony given by him upon material points.

The right of one party to call the adverse party as a witness and cross-examine him is given by V. S. 1246, which is:

"A party to a civil action or proceeding at law or in equity, may compel an adverse party * * * to testify as a witness in his behalf, in the same manner and subject to the same rules as other witnesses. But the party so called to testify may be examined by the opposite party under the rules applicable to the cross-examination of witnesess."

We cannot go behind the record and find what the defendant claims—that there was "a deliberate plan made by the plaintiff to disparage, destroy and render useless the credit to be given to the defendant's testimony." It appears that the plaintiff's daughter and hired boy were the only witnesses of the affray, and that they were excluded from the courtroom while the defendant testified. Afterwards these witnesses and the plaintiff himself gave their versions of the occurrence as they claimed to have seen it.

In *Cox* v. *Eayres,* 55 Vt., on page 28, it is said: "It is also well settled that a party is not bound by the testimony of his own witness, but is at liberty to show that facts relevant to the issue are otherwise than as he has stated them to be, although the effect of such showing may be to discredit the

witness." Wigmore on Ev. § 908, says: "It has been noted, (Sec. 897), that a chief reason for the victory of the newer notion was the perception that without it, one could not prove the facts of his case, if the first witness called were to testify untruly. From this point of view the discrediting of the witness is regarded as incidental only (because inevitable) to this other and necessary right."

It does not appear that the plaintiff's evidence was introduced for the purpose of discrediting the defendant, nor that the plaintiff exceeded his right under the statute; therefore this exception is not sustained.

After the testimony and arguments were closed and before the charge was given to the jury, two jurors, on their way to their homes, on Saturday afternoon, called at the defendant's house and at their request were by him shown certain objects and localities which had been testified about in the trial and were material to the issue. They also asked him certain questions which he answered. After verdict the defendant moved to have the verdict set aside by reason of this misconduct of the jurors, and testimony was taken in support of and in opposition to the motion. It was found that the defendant was in court on Monday and heard the charge of the court, and did not make these facts known to the court nor to his counsel until after the verdict was rendered, hoping, as the court found, "that he would derive an advantage in the result of his case by reason of the information obtained by said jurors as aforesaid."

It is unnecessary to comment upon the misconduct of the defendant, or that of the two jurors in violation of their oath and of the emphatic instructions of the court given them on Saturday to hear nothing said about the case nor to receive any information concerning it during the recess. It is suffi-

cient to say that the defendant's omission to call the court's attention to these facts brought the case within the settled rule laid down in *Whitcher* v. *Peacham,* 52 Vt. 242. See also *Scott* v. *Moore,* 41 Vt. 205; *Badger* v. *State,* 69 Vt. 147; *McKinstry* v. *Collins,* 74 Vt. 147.

*Judgment affirmed.*