E. F. NORCROSS v. HATTIE WILLARD.

Special Term at St. Johnsbury, April, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 12, 1909.

*New Trial—Misconduct of Juror During Trial—Expression of Opinion to Outsider—Affidavit Accompanying Petition.*

It is the expression of an opinion that disqualifies a juror, not the formation of it; and a juror's expression to outsiders, during the trial, of his opinion on the merits of the case as much disqualifies him as would the expression of such an opinion before the trial.

A petition for a new trial on the ground that a juror during the trial expressed to outsiders his opinion on the merits of the case need not be accompanied by an affidavit of the petitioner's attorney negativing his knowledge in the time of it of the alleged misconduct.

During the trial of a malpractice case a juror, in the presence and hearing of several people and in response to a question as to how things were going answered that they were going pretty well, and that the plaintiff "is going to beat" the defendant. *Held,* that this was the expression of an opinion on the merits of the case, which disqualified the juror and afforded good ground for a new trial.

PETITION to the Supreme Court for Essex County at its October Term, 1908, for a trial on the ground of the misconduct of a juror. Heard at the Special Term at St. Johnsbury, April, 1909, on testimony taken and filed.

*Young & Young* and *Dunnett & Slack* for the petitioner.

It is good cause for a new trial that one of the jurors had, before trial, expressed his opinion on the merits in favor of the successful party. *Deming* v. *Hurlbut,* 2 D. Chip. 45; *French* v. *Smith,* 4 Vt. 343; *State* v. *Clark,* 42 Vt. 629. And the same principle should govern where such opinion is expressed during the trial.

*H. W. Blake* and *Howe & Hovey* for the petitionee.

ROWELL, C. J.   This is a petition for a new trial of an action by the petitionee against the petitioner for malpractice as a physician in treating the petitionee's injured wrists.   The ground of the petition is the misconduct of jurors in talking about the case during the trial.

It is objected that the petition should have been accompanied by the affidavit of the petitioner's attorney, negativing knowledge on his part in the time of it of the misconduct alleged.   But the misconduct was such, and such the time of its occurrence, that that was not necessary, as shown by *McDaniels* v. *McDaniels,* 40 Vt. 363.

The misconduct alleged in the original petition is, in substance, that one evening in Holmes's store in Guildhall during the trial of said case, one Joseph Currier, a juryman sitting in the case, had a conversation with one John Paige in the presence and hearing of divers other persons, in which he openly and publicly announced that Mrs. Willard was going to beat the doctor.   Paige testifies that he knew Currier very well; that on the occasion in question he saw him and asked him how things were going, referring to things in general, and that he replied, "They are going pretty well, Mrs. Willard is going to beat the doctor."   Page further testifies that E. E. Davis, a juryman in attendance at the term but not sitting in the case, was present at the time.   Davis testifies that Paige came into the store and spoke to Currier, but he did not hear what he said to him, but that Currier replied, "They are going pretty well, or pretty good, Mrs. Willard is going to beat the doctor."   He says he had in mind what the judge had said to them about talking about cases they were trying, and was greatly surprised at what Currier said.   Currier admits that he saw Paige in Holmes's store, but denies the conversation to which he testifies.   But we think it well proved, and find accordingly.

The amendment to the petition alleges similar and more flagrant misconduct on the part of Currier and another juryman sitting in the case, but we do not find it proved.   The question is, then, whether what we do find proved is good ground for granting a new trial.   We think it is, for it amounts to an expression of opinion by the juryman that Mrs. Willard was going to win, and to an assertion that he should be pleased to

have her win.  This was to all intents and purposes the formation and the expression of an opinion on the merits of the case, for it is not to be assumed that the juryman supposed she was going to win regardless of the merits.  The formation of such an opinion by a juror, and its expression during the trial to any one but his fellow jurors, disqualifies him as much as the formation and expression of such an opinion would before trial.  It is the expression of the opinion that disqualifies, not the formation of it.  This has long been the settled law of this State.

*Petition sustained with costs, judgment reversed, verdict set aside, new trial granted, and cause remanded.*