P. H. RYAN *v.* GEORGE T. ROONEY.

February Term, 1914.

Present:    POWERS, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed May 20, 1914.

*Taxation—Taxpayer's Inventory—Failure Properly to Make—*
*Consequent Assessment by Listers—Notice Thereof to Tax-*
*payer—Sufficiency—New Trial—Misconduct of Juror—Ne-*
*cessity of Objection at Trial.*

Where listers, believing that a taxpayer's inventory did not contain
    a full and correct statement of his taxable property, rejected the
    inventory and made for him a wholly new one, under P. S. 561,
    as amended by No. 45, Acts 1910, the following written notice,
    thereupon given by them to the taxpayer, "We certify that the
    leases held by you have been treated as perpetual under P. S.
    493," was a wholly insufficient compliance with P. S. 563 provid-
    ing that when the list of a person is so made up he shall be noti-
    fied "thereof" by the listers, since the notice given did not in-
    form the taxpayer that his list had not been accepted and a new
    one made up for him, but rather that it had been tampered with.
Where listers, dissatisfied with the inventory submitted by a taxpayer,
    reject it and make up a new one for him, under P. S. 561, as
    amended by No. 45, Acts 1910, they must appraise his real estate,
    and not merely take its valuation by way of bare transfer from
    the quadrennial appraisal.
Where defendant and his counsel, before the case was submitted to
    the jury, knew of the claimed misconduct of a juror, but did
    not bring it to the attention of the court, defendant was not en-
    titled, as matter of law, on motion to have the verdict against
    him set aside, though the court, in its discretion, could have
    granted a new trial in those circumstances.

REPLEVIN for property taken on a warrant for the collection
of taxes. Plea, the general issue with notice justifying under a
tax warrant issued by the town treasurer. Trial by jury at the
September Term, 1913, Franklin County, *Taylor,* J. presiding.
General verdict directed for the plaintiff, and judgment thereon.

The defendant excepted. The jury specially found that the listers of the town of Fairfax, in making up the grand list of the plaintiff in 1912, did not appraise his real estate. After verdict and before judgment, defendant moved for a new trial because the jury disregarded the evidence in making the special finding; because the finding is not supported by the evidence, and is against the weight thereof; and because of the misconduct of a juror, which is recited in the opinion. Motion overruled, to which defendant excepted.

*Elmer Johnson* and *F. L. Webster* for the defendant.

*W. D. Stewart* and *W. H. Alexander* for the plaintiff.

HASELTON, J. The plaintiff was a resident and taxpayer of the town of Fairfax. The defendant was tax-collector of the town and by virtue of a rate bill and warrant distrained personal property of the defendant to satisfy a tax. The plaintiff in this action replevied the property so taken. To the plaintiff's action of replevin the defendant pleaded the general issue and gave notice of justification under the tax warrant. Trial by jury was had. Verdict was directed for the plaintiff, and judgment was rendered thereon. The defendant excepted.

It was conceded that the tax was legally voted in town meeting and that the town legally voted to collect its taxes by its treasurer. It was also conceded that the defendant, the tax-collector, and the listers, town treasurer, clerk, and selectmen were duly selected and qualified officers of the town.

The general verdict was directed on a single ground. The plaintiff returned a tax inventory to the listers. The listers did not accept his inventory as he had made it for the reason that they believed that it was not a true and honest list. They made up his list and gave him within the time required a notice duly dated, addressed, and signed, which read as follows: "We hereby certify that the leases held by you have been put in the list according to Section 493 of the Public Statutes." This was the only notice which the listers gave the plaintiff of the rejection of his inventory and the making up of his list by them; and the county court held the notice insufficient, and directed a verdict for the plaintiff for that reason.

The notice was clearly insufficient. It simply informed the plaintiff that the leases referred to were treated as perpetual or redeemable leases; for that was the result of referring to Section 493 of the Public Statutes. Section 561 of the Public Statutes, as amended by No. 45 of the Acts of 1910, provides, among other things not here applicable, that if the listers believe that the inventory returned by a taxpayer does not contain a full, true and correct statement of his taxable property they shall ascertain, as best they can, the amount of his taxable property and set the same in the grand list at its value in money, and that if the amount so obtained is less than the amount of his taxable property they shall further assess him a sum which will, in their judgment, equal the difference between the amount of such appraisal and the amount of his taxable property, and that if no taxable property of such person is ascertainable by the listers they shall assess him a sum which in their judgment is the true value of all his taxable property.

P. S. 563 provides that when the list of a person has so been made up shall be notified ''thereof'' by the listers by a written notice.

What the listers had in fact done was to reject the plaintiff's inventory and make up a list for him. But this writing gave him no notice thereof, but merely notified him that certain leases held by him had been treated as perpetual or redeemable leases under Section 493 of the Public Statutes. The statement in the notice that the leases had been put into the list under Section 493 of the Public Statutes, was not a statement that his list had not been accepted and had throughout been made up for him by the listers. The notice was rather a notice that his inventory had been tampered with than that a new inventory had been made up for him. *Willard* v. *Pike,* 59 Vt. 202, 208, 9 Atl. 907. The statute requires the notice to be in writing, and it ought not to be difficult for plain men when they have rejected the inventory of a taxpayer and proceeded to make up one for him to say so. There was sound reason on the part of the Legislature in requiring the notice to be in writing as this case shows.

The listers did not even refer to the statute under which they had proceeded as did the listers in *Meserve* v. *Folsom,* 62 Vt. 504, 20 Atl. 926, where the notice was quite explicit and was held sufficient. That the written notice must comply with the

essential requirements of the statute is established. *Meserve* v. *Folsom*, 62 Vt. 504, 20 Atl. 926; *Thomas* v. *Leland*, 70 Vt. 223, 39 Atl. 1094.

There was no evidence, or offered evidence, which fairly and reasonably tended to show that the plaintiff waived the requirement with regard to notice.

The verdict for the plaintiff was rightly directed on the ground of the insufficiency of the notice.

Some exceptions relating to evidence were taken by the defendant but it is immaterial to consider them in view of the holding as to the notice.

Besides holding the notice insufficient and directing a verdict for the plaintiff, the court in view of the claims in the case, submitted to the jury this question: "Did the listers of the town of Fairfax in making up the grand list of the plaintiff, in 1912, appraise the real estate listed therein?" To this question the jury said: "No."

The only substantial change in P. S. 561, made by the amendment of 1910, consists in the doing away with the doubling process. To be sure in the original section in the earlier part thereof the listers are directed to appraise property at its value in money, and in the amendment they are directed to set property in the grand list at its value in money. But here is no change of meaning for in both cases an appraisal is contemplated as appears by reasonable inference, and as necessarily appears by the language of the amendment in a subsequent clause which refers to the putting of property in the grand list at its value in money as "such appraisal." So it is now, as it was before 1910, necessary that if the listers reject a taxpayer's inventory and make up one for him, they must appraise his real estate and not merely take its valuation by way of bare transfer from the quadrennial appraisal. *Bixby* v. *Roscoe*, 85 Vt. 105, 111, 81 Atl. 255; *Smith* v. *Stannard*, 81 Vt. 319, 329, 70 Atl. 568.

So if the notice were sufficient, the plaintiff's list as made up was invalid for the jury found on evidence that fairly permitted opposing inferences by reasonable men that the listers did not appraise the real estate.

But the defendant moved to set aside the special verdict and had an exception to the refusal of the court so to do. All the grounds of the motion, except one, have already been suf-

ficiently considered. That one ground charged the misconduct of a juror, and upon that the court heard the evidence. There was evidence which though strongly contradicted, nevertheless, tended to show that, after the court had announced its purpose to hold the notice insufficient, one of the jurors sitting in the case said to a fellow juror not on the panel, that he had had an idea from the first that the notice was insufficient or "illegal" to use his word, and that the plaintiff was sure to win his case, obviously referring in the last remark to the insufficiency of the notice, with regard to which the jury had nothing to say.

It appeared that the claimed misconduct of the juror was known to the defendant and his counsel before the case was submitted, but that the claimed misconduct was not disclosed to the court, and on the ground of this non-disclosure the court did not determine whether there had been the claimed misconduct, but denied the motion to set aside the verdict because of the defendant's omission to call the court's attention to the claimed misconduct.

Since the defendant and his counsel knew of the claimed misconduct of the juryman and did not disclose it to the court the defendant was not entitled as matter of law, to have the verdict set aside on that ground. Such is the rule applicable to motions to set aside and to petitions for a new trial. *Jennett* v. *Patten,* 78 Vt. 69, 62 Atl. 33; *McKinstry* v. *Collins,* 74 Vt. 147, 162, 52 Atl. 438; *Whitcher* v. *Peacham,* 52 Vt. 242; *Clement* v. *Spear,* 56 Vt. 401; *Scott* v. *Moore,* 41 Vt. 205, 98 Am. Dec. 581.

The court may exercise its discretion to set aside a verdict for the misconduct of jurors even though their misconduct was seasonably known to the complaining party and not disclosed to the court. *McDaniel* v. *McDaniel,* 40 Vt. 363, 376, 94 Am. Dec. 408; *Norcross* v. *Willard,* 82 Vt. 185, 72 Atl. 820.

And the misconduct may be of such a character that the court will set aside a verdict on grounds of public policy alone. *McCargar* v. *Langlois,* 81 Vt. 223, 69 Atl. 739.

In *Bright* v. *Eynon,* 1 Burr. 390, the matter of granting new trials is very fully discussed by Lord Mansfield who there lays down the sensible and just rule that the reason for granting a new trial must be collected from the whole evidence and from the nature of the case considered under all of its circumstances.

This is the rule which in substance we have adopted. *Mc-*

*Cargar* v. *Langlois*, 81 Vt. 223; *Norcross* v. *Willard*, 82 Vt. 185; *McDaniel* v. *McDaniel*, 40 Vt. 363.

In this case the court was right in holding that if all that the defendant's evidence tended to show was true he was not entitled to have the verdict set aside; and public policy did not require such action since, at the worst, the juror though indiscreet does not fairly appear to have commented upon any matter other than one withdrawn, as he must have understood, from the consideration of the jury.

But on the ground of the insufficiency of the notice which the court took into its own hands, and on the ground of the failure of the listers to appraise, as found by the special verdict of the jury, the plaintiff was entitled to verdict and judgment in his favor.

*Judgment affirmed.*