MATTHEW HANNAH *v.* JOHN HANNAH.

February Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 2, 1923.

*Transfer of Cause to Supreme Court on Exceptions Under G. L. 2262—Motion to Set Aside Verdict Addressed to Court's Discretion—When Reviewable—New Trial—Misconduct of Juror—That Successful Party Was Not At Fault Not Determinative of Whether Court Abused Its Discretion in Setting Aside Verdict—Burden on Excepting Party to Show Error—Setting Aside Verdict on Grounds of Public Policy —Discretion of Court to Set Aside Verdict Although Defeated Party Delays in Disclosing Knowledge of Juror's Misconduct.*

1. Where the verdict of a jury for the defendant was set aside by the trial court on plaintiff's motion, supported by affidavits, made before judgment, the defendant being granted an exception, and the record also showing that "execution was stayed and cause passed to the Supreme Court," the case was prop-

erly in Supreme Court under G. L. 2262, which provides that the trial court may, in its discretion, pass exceptions to the Supreme Court before final judgment, for hearing and determination.

2. A motion to set aside the verdict of a jury, on the ground of a juror's misconduct during the trial, is addressed to the legal discretion of the trial court, which is not subject to review in the Supreme Court, unless it appears that such discretion has been abused.

3. Where a juror, in violation of his oath, during the trial, had discussed the case with plaintiff's daughters, and the trial court, on plaintiff's motion, set aside a verdict for the defendant because of such misconduct, the fact that the evidence did not disclose any fault on defendant's part in connection therewith is not determinative of the question whether the trial court abused its discretion in setting the verdict aside.

4. A defendant, on exceptions to the action of the trial court in setting aside a verdict in defendant's favor on motion of plaintiff, because of misconduct of a juror during the trial in discussing the case with plaintiff's daughters, who claims abuse of the court's discretion in that there was no evidence that the juror expressed an opinion on the merits of the case, has the burden of producing a record to show the error claimed, for the Supreme Court will not assume that the opinion expressed was not on a material issue; and the fact that the offending juror later joined in a verdict which was contrary to the views previously expressed by him does not affect the situation.

5. Where there was evidence of a juror's conduct tending to show a flagrant violation of his oath, and so far as the record shows, the court, in setting aside the verdict, may have considered the juror's conduct of such a character as to justify setting aside the verdict on the ground of public policy, no abuse of discretion is shown.

6. While the general rule is that a new trial will not be granted because of misconduct of a juror, known to the defeated party or his counsel before the case was submitted and not disclosed to the court, yet the court may exercise its discretion to set aside the verdict even under such circumstances.

7.  Evidence in the case *held* not to bring it within either the fore-
    going rule or the exception thereto, but to show that the plain-
    tiff acted seasonably in disclosing a juror's misconduct, con-
    cerning which the plaintiff was not informed until after the
    trial.

ACTION OF CONTRACT. Answer, general denial. Trial by
jury at the June Term, 1921, Windsor County, *Fish,* J., presid-
ing. Verdict for the defendant. Before judgment plaintiff
filed a motion supported by affidavits, to set aside the verdict and
grant a new trial because of the misconduct, during the trial, of
one of the jurors who sat in the case. The court found that the
allegations of misconduct in the affidavits were true, and granted
the motion. The defendant excepted. *Affirmed.*

*Stickney, Sargent & Skeels* for the defendant.

Where misconduct of a juror is known to the party claiming
to be prejudiced thereby, during the trial, such misconduct
should be brought to the attention of the trial court before
verdict or it will be considered waived and cannot be relied on as
grounds for a new trial. *Hilton* v. *Southwick,* 17. Me. 303, 35
A. D. 253 and note; *Jones* v. *Martinsville,* 111 Va. 103, Ann. Cas.
1912A, 222 and note; *Rowe* v. *Canney,* 139 Mass. 41; *Allen* v.
*Blunt,* 1 Fed. Cas. No. 217; *Consolidated Ice Mach. Co.* v. *Tren-
ton Hygenian Ice Co.,* 57 Fed. 898; *Whitcher* v. *Peacham,* 52 Vt.
242; *McKinstry* v. *Collins,* 74 Vt. 147; *Jennett* v. *Patten,* 78 Vt.
69; *Ryan* v. *Rooney,* 88 Vt. 88.

*Gilbert F. Davis* and *Fred G. Bicknell* for the plaintiff.

A motion for a new trial is addressed to the discretion of the
trial court, and its decision relating thereto is not subject to re-
vision on exceptions to the Supreme Court. *Bloss* v. *Kittredge,*
5 Vt. 28, 30; *Chase* v. *Davis,* 7 Vt. 476, 479; *Edgell* v. *Bennett,*
7 Vt. 534, 537; *Houghton* v. *Slack,* 10 Vt. 520, 523; *Minkler* v.
*Minkler's Estate,* 16 Vt. 193, 197; *Downer* v. *Baxter,* 30 Vt. 467,
473; *Sheldon* v. *Perkins,* 37 Vt. 550, 557.

Courts may grant new trials, where the facts show that a
juror has violated his oath by talking about the case, on the

ground of public policy. *Norcross* v. *Willard,* 82 Vt. 185, 186; *Ryan* v. *Rooney,* 88 Vt. 88, 92; *In re Ketchum,* 92 Vt. 280; *State* v. *Warm,* 92 Vt. 447, 449.

In its discretion, a court may set aside a verdict for misconduct even if the misconduct was seasonably known to the complaining party before verdict and not disclosed to the court, *McDaniels* v. *McDaniels,* 40 Vt. 363; *Norcross* v. *Willard, supra; Ryan* v. *Rooney, supra.*

SLACK, J. The action is contract. A trial was had by jury, resulting in a verdict for the defendant. Before judgment, plaintiff filed a motion to set aside the verdict because of the misconduct, during the trial, of one of the jurors who sat in the case. The motion was supported by the affidavits of persons with whom the juror talked during the trial. No counter evidence was offered. The court found the evidence contained in the affidavits to be true, and held that it was sufficient to warrant the granting of the motion; and, thereupon, granted the same, and ordered a new trial, to which the defendant excepted. The questions raised by this exception are for review.

[1] The plaintiff claims that the judgment below was not a final judgment to which exceptions would lie and, therefore, that the case is not properly here, and cites *Bloss* v. *Kittredge,* 5 Vt. 30, in support of his claim. G. L. 2262, not in force when that case was decided, provides, that the trial court may, in its discretion, pass exceptions to this Court before final judgment, for hearing and determination. Apparently, this is what was done in the instant case, because the record shows that not only was the exception allowed, but that "execution was stayed and cause passed to the Supreme Court." In the circumstances, it was manifestly a proper case for the application of the statutory provision referred to. A verdict for the defendant had been set aside. He was entitled to take the judgment of this Court on the question of whether the trial court had acted within its discretionary powers. When was he to do that? Logically, it should be done before further expense was incurred by either party. We think that, in the circumstances, the case is properly here.

[2] The plaintiff claims that the motion was addressed to the legal discretion of the trial court, and that its action thereon

is not subject to review by this Court. This is so, unless it appears that in its exercise that discretion was abused. *Dyer* v. *Lalor*, 94 Vt. 103, 114, 109 Atl. 30. When abuse of discretion appears, however, the action of the trial court is reviewable *Schlitz* v. *Lowell Mut. Fire Ins. Co.*, 96 Vt. 337, 119 Atl. 513. We look, therefore, to see whether there was an abuse of its discretion by that court.

It appears from the evidence adduced in support of the motion, that during the trial, the juror in question, approached the plaintiff, and asked him: "How did they come to get hold of these papers?" That upon being told by the plaintiff that he did not know, the juror replied: "They must have got them when they came off the boat"; that the juror talked with plaintiff's daughters, Margaret Haynes and Jeanie Rowell, about the case, on two different occasions during the trial; that he said to them on the first occasion, "Well you girls have both testified, but they did not use you very badly, but they seemed to be giving it to your uncle (the defendant) in pretty good shape. He does not seem to remember much, but perhaps he doesn't want to"; that he then inquired of Margaret, if the defendant was a citizen of the United States, and upon being told that he was not, and that he had said at one time that he would not satisfy the damned Yankees by becoming one, he replied: "That that was what he thought, that he was one of those who after he had all the money he wanted, would pack up and go back to the other side"; that he then inquired if the plaintiff was a citizen of the United States, and was told that he was; that the day following he said to Margaret: "Well, your uncle got it pretty hard yesterday. It looks to me as if he had six pounds rather than $150.00 when he came. He had raised it a little this morning," and then added that he had been on a good many juries, and had come to the conclusion that "the man who told the biggest lie won the case"; that he said to Jeanie, on the same day: "It looks as if your uncle didn't have many friends and that when Miller came out with him apparently your uncle had six pounds rather than $150.00"; that he cautioned each of the affiants with whom he talked not to tell anyone what he had said; that the plaintiff did not learn of the juror's conversations with his daughters until some time after the trial was concluded.

This evidence discloses not only a flagrant violation of his oath by this juror, but shows that he fully understood that his conduct was improper.   Jurors who exhibit so little regard for their oath as did this man, not only merit the full punishment to which they subject themselves, but the censure of all law abiding persons as well.

[3]   It is true, as claimed by the defendant, that the evidence does not disclose any fault on his part, but that is not determinative of the question.   *Norcross* v. *Willard,* 82 Vt. 186, 72 Atl. 820.

[4]   He says, too, that there is no evidence that the juror expressed an opinion on the merits of the case.   The trouble with this claim is, that the defendant, who has the burden of showing error, has not spread upon the record the questions which were for the consideration of the jury so that we can see what they were.   The plaintiff says in his brief that: "This question of whether John Hannah had six pounds or $150.00 was one of the big issues of the case," and this is not denied by the defendant. If it was a material issue, and, in the circumstances, we cannot assume otherwise, the juror did express an opinion on the merits of the case; and the fact that he later joined in a verdict which was contrary to the views previously expressed by him does not affect the situation.

[5]   Moreover, the court may have considered the juror's conduct of such character as to justify setting aside the verdict on the ground of public policy.   *State* v. *Warm,* 92 Vt. 447, 105 Atl. 244, 2 A. L. R. 811; *Ryan* v. *Rooney,* 88 Vt. 88, 90 Atl. 891.

That this Court, had it been charged with the duty of passing upon the motion in the first instance, would have reached a different result (which is not intimated) is not the question, because as was said in *Dyer* v. *Lalor, supra,* "difference in judicial opinion" is not synonymous with, "abuse of judicial discretion." We hold that no abuse of discretion is shown.

[6, 7]   The defendant further says that, the evidence shows conclusively that the plaintiff is estopped from questioning the misconduct of the juror because he, in effect, "consented thereto."   It is a general, and a salutary, rule that a new trial will not be granted because of the misconduct of a juror when such misconduct was known to the defeated party, or his counsel, before the case was submitted, and was not disclosed to the

court. *Ryan* v. *Rooney, supra.* But the court may exercise its discretion to set aside a verdict for the misconduct of jurors even though their misconduct was seasonably known to the complaining party and was not disclosed to the court. *McDaniel* v. *McDaniel,* 40 Vt. 363, 94 A. D. 408; *Norcross* v. *Willard, supra.* But the evidence contained in the affidavits, which the court found to be true, does not leave the instant case within the general rule or the exception, because both of plaintiff's daughters testified that they did not inform plaintiff of the juror's conversation with them until sometime after the trial. As to such misconduct, then, the plaintiff acted seasonably to save his rights.

*Judgment affirmed and cause remanded.*