STATE *v.* ERNEST G. FOSS.

October Term, 1926.

Present:    WATSON, C. J., POWERS, SLACK, and FISH., JJ., and
MOULTON, Supr. J.

Filed October 16, 1926.

*Criminal Law—Supplemental Charge Given To Correct Error
in Original Charge—Error in Charge Not Raised by Mo-
tion To Set Aside Verdict—Misconduct of Juror—Discre-
tion of Court—Presumption To Sustain Ruling of Lower
Court—Setting Aside Verdict upon Grounds of Public
Policy.*

1.  In prosecution for operating automobile while intoxicated, where correct supplemental charge was given expressly to correct or modify language used in original instruction, error, if any, in previous instruction was thereby cured, principle relating to situation where jury were at liberty to accept either of two different instructions, one correct and the other erroneous, having no application.

2.  In such case, where in supplemental charge, presiding judge referred to his language in original charge, stating that he had not said just what he intended, and then proceeded to clearly explain his meaning, no express withdrawal of former statement, in terms, was necessary, as jury could not have been in doubt as to court's meaning, and error, if any, in original charge was cured by second instruction, to which no objection was made or exception taken.

3. In such case, where supplemental charge, for purpose of curing error in original charge, was given after consideration of case by jury and when they were ready to report their verdict, but before its delivery; and after such supplemental charge, to which no exception was taken either as to time or circumstances of delivery or otherwise, jury gave case further consideration and returned verdict, claimed error in original charge could not be raised by motion to set aside verdict.

4. In such case, where supplemental charge, to which no objection was made or exception taken, was more favorable to respondent than original charge, and delivered at time to emphasize its purport in minds of jury, it will not be assumed that jury did not, after retirement, give it careful consideration and due weight in reaching their verdict, hence prejudice to respondent does not appear.

5. Motion to set aside verdict because of misconduct on part of juror is addressed to discretion of court.

6. In prosecution for operating automobile while intoxicated, overruling of motion to set aside verdict because of claimed misconduct by juror, all of which was denied by juror except that he had expressed surprise at having been accepted as a juror, because he had heard case talked over, submitted to court upon opposing affidavits, *held* not abuse of discretion.

7. In such case, in support of trial court's ruling in denying motion to set aside verdict on account of juror's misconduct, Supreme Court will assume that lower court was satisfied, and so found, that such juror did not express opinion as to outcome of case as alleged by respondent but denied by juror.

8. Statement alleged to have been made by juror that he did not think they would get evidence enough to convict respondent, although improper, *held* not to be such as to render it necessary to set aside verdict upon grounds of public policy, as statement did not show prejudice against respondent, but was rather in his favor.

INFORMATION for operating an automobile on the public highway while under the influence of intoxicating liquor. Plea, not guilty. Trial by jury at the June Term, 1926, Lamoille County, *Chase,* J., presiding. Verdict of guilty, and sentence thereon. The respondent excepted. The opinion states the case. *No error.*

3

*F. G. Fleetwood* and *R. W. Hulburt* for the respondent.

*L. E. Ellsworth,* State's attorney, for the State.

MOULTON, Supr. J.   The respondent was convicted, after trial by jury, of operating an automobile on the public highway, while under the influence of intoxicating liquor.  He brings the case to this Court on exceptions to the charge of the court, and to the denial of his petition for a new trial, preferred to the county court after verdict and before judgment thereon.

The exception to the charge was as follows:   The court instructed the jury that—

"If you find that the respondent Foss has falsified in his testimony, that is evidence that he is guilty of having operated a motor vehicle upon the highway while under the influence of intoxicating liquor as charged by the State of Vermont."

An exception was taken to this portion of the charge; and in a supplemental charge, the court said as follows:

"It has been called to my attention that in the charge respecting the effect of a finding by you, if you make such a finding, that the respondent has falsified, that I did not say just what I intended to say in that regard.   What I meant to say was that if you find that the respondent, having testified, intentionally falsified as to his condition respecting the use of intoxicating liquor and the operation of the automobile at the time in question, that is evidence to be taken against him—if you find that he intentionally falsified in those respects, that is evidence to be taken against him."

[1, 2]   Counsel for respondent were apparently satisfied with this explanation by the court, at the time, because no exception was taken to the supplemental instruction, but it is now urged that the claimed error in the first statement was not cured by what was thereafter said; because the two charges were inconsistent, and the first was not expressly withdrawn.   In support of this position, the respondent relies upon the holding in *Ide* v. *B. & M. R. R.,* 83 Vt. 66, 85, 74 Atl. 401, 408, that—"Where there is a correct and an erroneous instruction upon the same

point, the charge may be such that the jury will be taken to have felt at liberty to follow either and then there is error.''

But this principle does not apply to an instruction given expressly to correct or modify language previously used by the court. *State* v. *Fitzgerald,* 72 Vt. 142, 147, 47 Atl. 403. An erroneous statement of law in a charge may, under such circumstances, be cured by a subsequent correct exposition upon the point. *Ide* v. *B. & M. R. R., supra.* See, also, *Graves* v. *Waitsfield,* 81 Vt. 84, 69 Atl. 137. An express withdrawal of the former statement, in terms, is not necessary, if the intention and meaning of the court is made clear to the jury.

In the supplemental charge the presiding judge referred to his former language, said that he did not say just what he intended, and then went on clearly to explain his meaning. We cannot believe that the jury could have been in doubt as to the court's meaning. The error—if error there was—in the original charge was cured by the second instruction, to which no objection was made or exception taken. No error appears.

[3]     The first ground stated in the motion to set aside the verdict is predicated upon the claimed error in the charge above considered. It is alleged that the cause was submitted to the jury at 5:45 o'clock in the afternoon of June 9, 1926; that, on information and belief, the jury reached an agreement, but postponed the delivery of the verdict until after they had had their supper; that after supper, at about 7:25 o'clock in the evening, the jury came into court to report their verdict, and at this time and before delivery, the court gave the supplemental charge, whereupon the jury retired, and, at about 7:45 o'clock, returned and delivered a verdict of guilty.

It is claimed that the error alleged to have been first committed in the charge was not, under these circumstances, cured by the supplemental instruction. But no exception was taken to the latter, based upon the time and circumstances of its delivery, or upon any other ground. The question cannot be raised by a motion to set aside the verdict. *MacDonald* v. *Orton,* 99 Vt. 425, 134 Atl. 599 (decided at the October Term, 1926); *Dailey* v. *Bond,* 94 Vt. 303, 111 Atl. 394.

[4]     And, aside from this, prejudice to the respondent does not appear. The supplemental instruction was more favorable to him than was the original one. It was delivered at a time to emphasize its purport in the minds of the jury. We cannot

assume that the jury did not, after retirement, give it careful consideration and due weight in reaching their verdict.

The second ground.of the motion is the alleged misconduct of a juror. It was supported by an affidavit, which stated that, during the trial, the juryman stated to the affiant: ''I did not want to· act as a juryman on the case. I supposed they would object to me since I said in court that I had heard the case talked over at the mill in Morrisville where I worked. I wanted to tell what that talk was about but was not allowed to do so by the court or some of the lawyers. I ·don't think they will get evidence enough to convict Foss.''

The juror himself, in a counter affidavit filed by the State, deposed that he said, in substance, that ''I wondered at their not objecting to me serving as a juror from what I said from the jury box—that I had heard the case talked over at the mill in Morrisville where I work,'' but that he did not discuss the case or mention the name of the respondent to any one at any time during the trial of the case; that he did not say ''I don't think they will get evidence enough to convict Foss.''

[5] A motion to set aside a verdict because of misconduct on the part of a juror is addressed to the discretion of the court. *Clement* v. *Spear,* 56 Vt. 401, 404; *Ryan* v. *Rooney,* 88 Vt. 88, 92, 90 Atl. 891; *Hannah* v. *Hannah,* 96 Vt. 469, 474, 120 Atl. 886. The misconduct may be of such a nature as to justify the court in setting aside the verdict on ground of public policy alone. *Ryan* v. *Rooney, supra; Hannah* v. *Hannah, supra;* and cases cited in these opinions. Yet it has been held that—''However improper such conduct may have been, yet if it does not appear that it was. occasioned by the prevailing party, or anyone in his behalf; if it do not indicate any improper bias upon the juror's mind, and the court cannot see that it either had, or might have had, an effect unfavorable to the party moving for a new trial; the verdict ought not to be set aside.'' *Brodie* v. *Connecticut Co.,* 87 Conn. 363, 368, 87 Atl. 798, 800.

[6-8] The motion was presented to the trial court upon the opposing affidavits. No other proof was offered. While the juror admitted that he expressed his surprise at having been accepted as a member of the panel, he unqualifiedly denied making the statement concerning the evidence attributed to him. This goes far to sustain the contention of the State. *State* v. *Warm,* 92 Vt. 447, 449, 450, 105 Atl. 244, 2 A. L. R. 811. We

may well assume, in support of the ruling below that, in denying the motion, the court was satisfied, and so found, that the statement was not made, as the respondent claimed.

Moreover, the statement itself is not such as to render it necessary to set aside the verdict upon grounds of public policy. It does not show prejudice against the respondent, but is rather in his favor. The same may be said of the language admitted by the juror; although we do not overlook its impropriety, used at the time and under the circumstances disclosed. There was no error in denying the motion.

*Judgment that there is no error in the proceedings, and that respondent takes nothing by his exceptions. Let execution be done.*