HORACE U. PACKARD *v.* J. AVILA QUESNEL.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 7, 1941.

176

*Lawrence & O'Brien* for defendant.

*Stafford, Abatiell & Stafford* for plaintiff.

JEFFORDS, J. Early in the evening of September 26, 1938, the defendant was driving in his light truck toward the city of Rutland on the Creek Road which leads from that city southerly to Wallingford. Northerly of the farm occupied by Jesse Billings he met the latter who was driving in his sedan to his home. Billings hailed the defendant and the cars stopped facing in opposite

directions and about parallel to each other. The two men visited from three to five minutes about a business matter.

The plaintiff was a passenger in a car driven by Cyril Senecal which was proceeding along this road toward Rutland. Senecal did not see defendant's truck until too late to stop and crashed into its rear end. The plaintiff who was injured brought this suit which resulted in a verdict and judgment in his favor and the case is here on exceptions by the defendant.

We will first consider the exceptions to the charge. The court instructed the jury that the Legislature had enacted statutes known as safety rules. Certain of these statutes were quoted in the charge as being pertinent to the determination of the case and the jury were told, in effect, that if they found that the defendant had violated any or all of them that such violation would create a rebuttable presumption of negligence on his part.

The first of such statutes mentioned by the court was P. L. 5110, sub. div. XIII, which prohibits the parking of a car on the improved or used part of a highway so as to interfere with traffic, subject to certain exceptions not here material. The defendant excepted to this part of the charge, one ground of the exception being that there was no evidence in the case that the parking, if any, was not within a city or village.

In *Hunter* v. *Preston et al.*, 105 Vt. 327, 166 Atl. 17, we held that the statute in question applied only to highways outside cities and villages. The plaintiff admits in his brief that the evidence is silent as to whether the accident happened within or without the limits of the City of Rutland. In his complaint it is alleged that it took place in the Town of Rutland. The burden was on the plaintiff, having asserted the issue, to prove this fact. *Colston* v. *Bean*, 78 Vt. 283, 62 Atl. 1015. There being no evidence that the place of the accident was one to which the statute applied it constituted reversible error to submit the question of its violation to the jury on the issue of defendant's negligence.

The second and third such statutes submitted as to their violation on that issue were P. L. 5115 and P. L. 5117. These sections require motor vehicles on the highways to display tail lights thirty minutes after sunset to thirty minutes before sunrise. There was evidence in the case to the effect that the defendant did not have the tail light of his truck turned on at the time of the accident. The exception to this portion of the charge was

based on the ground that under the evidence and concessions by plaintiff there was no duty cast upon the defendant to comply with these sections of the statutes.

This exception must be sustained. The court took judicial notice that on the day in question the sun set at fifty-two minutes after five o'clock. There was some conflict in the evidence as to the exact time of the happening of the accident. The court states in its charge that the plaintiff in argument conceded that it did not occur later than twenty minutes past six. No exception was taken to this statement. The court then left it to the jury to determine the time of the happening of the accident.

■ The plaintiff by his concession, which was a judicial admission, conceded himself out of court in respect to his claim of negligence based on the alleged violation of the last statutes referred to for it is apparent that if the accident did not occur later than the conceded time there was no violation of the statutes in question and consequently it was error for the court after this concession to submit this claim of negligence to the jury. *Raptis* v. *Alexander*, 104 Vt. 203, 158 Atl. 73; *Hall* v. *Fletcher*, 100 Vt. 210, 213, 136 Atl. 388, and cases cited therein.

Moreover, it should be noted, that although as before stated, there was some conflict in the evidence as to the exact time of the happening of the accident no testimony has been called to our attention nor did we find any in our reading of the transcript which placed the time later than twenty minutes past six.

■ The court also submitted to the jury on the issue of defendant's negligence the claimed violation of sec. 2 of No. 127 of the Acts of 1937 which relates to the requirement of display of flares when trucks are disabled upon the highway during the required period of lighted lamps. It does not appear in the record that any exception was taken to this portion of the charge. In his motion to set aside the verdict which was denied the defendant claims error in this submission. No exception having been taken to the charge on this point, it cannot be raised by this motion. *State* v. *Foss*, 100 Vt. 32, 134 Atl. 636; *MacDonald* v. *Orton*, 99 Vt. 425, 134 Atl. 599; *Dailey* v. *Bond*, 94 Vt. 303, 111 Atl. 394.

Error is also claimed because of the refusal of the court to grant certain requests to charge. Among such requests was one that: "To park a car means something more than mere stoppage for a temporary purpose." The apparent purpose of this re-

quest was that it be given in connection with and in explanation of the requirements of sub. div. XIII of P. L. 5110 if the violation of this section was submitted on the question of defendant's negligence. Inasmuch as we have already held that the charge based on this statute was erroneously given it becomes unnecessary to decide whether the above request should have been granted.

Another refused request was that: "The defendant has a right to presume that other users of the highway, including Senecal, would not be negligent in approaching from behind him." It is not error to refuse to grant a request to charge in the terms made unless it sets forth sound law to the full extent. The fact that some sound law might be extracted from a request or that, in general terms, it may be sound law, with certain qualifications, is not enough. *Vaughan* v. *Porter,* 16 Vt. 266. See, also, *Cummings* v. *Conn. Gen. Life Ins. Co.,* 102 Vt. 351, 362, 148 Atl. 484; *Elwell* v. *Barrows Coal Company, Inc.,* 100 Vt. 179, 184, 136 Atl. 20; 64 C. J. 912, Sec. 715. The rule set forth in the request did not contain the limitation that the defendant was not thereby relieved of the duty of exercising the care of a prudent person, or, to put it another way, the care that the law demanded of him. *Hatch* v. *Daniels,* 96 Vt. 89, 93, 117 Atl. 105; *Jasmin* v. *Parker et al.,* 102 Vt. 405, 417, 148 Atl. 874; *Steele* v. *Fuller,* 104 Vt. 303, 308, 158 Atl. 666. Without the inclusion of this essential qualification of the rule the jury might reasonably infer that the right to rely on the assumption of due care on the part of other users of the highway, claimed by the defendant, excused or tended to excuse or relieve him from exercising the care of a prudent person in stopping his car when and where he did and under the circumstances disclosed by the evidence.

It might appear that support for the request is found in *Hall* v. *Royce et al.,* 109 Vt. 99, 106, 192 Atl. 193, 196. There in discussing the question of the negligence of defendant Simpson it was said, "To be sure, he had a right to assume that other drivers with equal rights in the road would observe the law, and if the question here had arisen between him and the other driver, it might have been difficult for the latter to have recovered any damages suffered by collision." In view of our cases containing the qualifications to the rule it cannot be considered it was intended that this statement as to Simpson's right should be con-

strued as a holding that the rule without qualification could properly have been stated to the jury as an aid in determining the question of that defendant's negligence. It should be noted that this statement of the right to assume on the part of Simpson was not necessary to the decision of the question there under discussion as the rule was indicated as being a possible bar to any suit Royce might have brought against the former. In *Hall* v. *Royce, supra,* no question of the charge to the jury was involved. Then, too, the rule with its qualifications is usually pertinent in cases where the facts show that the person having the right to rely on the rule at some time sees, or ought to see that his assumption is unwarranted. It appears such facts did not exist there as to Simpson but they did as to defendant Royce and when the rule was applied in the opinion as to her it was qualified. The fact of the matter seems to be that there was no reason for adding the qualification of the rule as there applied to Simpson and consequently it was omitted.

The defendant requested the court to charge as follows:

> "If you find that the accident occurred because Senecal was under the influence of intoxicating liquor and that by reason of the circumstances shown by the evidence, the plaintiff knew, or should have known that Senecal's condition was such that such a result was likely to happen, and knew and appreciated the risks and danger, or should have known of the risks and danger attendant upon riding in the car with Senecal under those circumstances, and with such knowledge, the plaintiff freely and voluntarily continued to ride with him, then he assumed the risks incident to the accident and was guilty of contributory negligence and cannot recover."

This request should have been granted as it embodied a substantially accurate statement of the law and was supported by evidence in the case.

██ Reason and authority alike support the rule that if a person voluntarily rides in an automobile driven by one who is intoxicated and the passenger knows, or under the circumstances should have known, the intoxicated condition of the driver he is

precluded from recovering from such driver or a third person for injuries sustained in an accident if the intoxicated condition of the driver was the proximate cause or one of the proximate causes of the accident producing the injuries in question. This statement of the law although not therein set forth in exactly the same words is supported by the following authorities. *Hartley* v. *Berg,* 145 Ore. 44, 25 Pac. 2d. 932; *Lynn* v. *Goodwin,* 170 Cal. 112, 148 Pac. 927, L. R. A. 1915E 588; *Rau* v. *Smuda,* 175 Minn. 328, 221 N. W. 232; *Shiflett's Admx.* v. *Va. Ry. & Power Co.,* 136 Va. 72, 116 S. E. 500; *Nettles* v. *Your Ice Co.,* 191 S. C. 429, 4 S. E. 2d. 797; *Schwartz* v. *Johnson,* 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323; *Wayson* v. *Gould,* 136 Wash. 274, 239 Pac. 559; 45 A. L. R. 290; *McGrath* v. *Nugent,* 133 Neb. 237, 274 N. W. 549; 4 Blashfield's Cyc. of Automobile Law & Practice (Perm. Ed.) sec. 2453; 2 Restatement, Torts, 1230, sec. 466; 5 Am. Jur. 774, sec. 483; 42 C. J. 853, sec. 534.

The above authorities generally, if not in each instance, place the bar to recovery on the ground of contributory negligence. They recognize the rule that the negligence of the driver is not imputable to the passenger but hold that the conduct of the latter in so riding or continuing to ride establishes independent negligence on his part.

*Farmer's Bank & Tr. Co., Admr.* v. *Henderson,* 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C 646 and *Biersack* v. *Wechselberg,* 206 Wis. 113, 238 N. W. 905, recognize that the bar can properly be placed on the ground of assumption of the risk in those jurisdictions which do not confine this doctrine to situations involving contractual relations. Under our decisions it is not so confined. *Craig* v. *Parkhurst,* 111 Vt. 486, 18 Atl. 2d. 173; *Goodwin, Admrx.* v. *Gaston et al.,* 103 Vt. 357, 154 Atl. 772; *Gover* v. *Cent. Vt. Ry. Co.,* 96 Vt. 208, 118 Atl. 874. The conduct on the part of such passenger partakes of certain elements found both in the law of contributory negligence and in the doctrine of assumption of the risk. The latter may be considered in connection with the former in determining whether a plaintiff is barred from recovery. See the *Goodwin* case, *supra,* at 103 Vt. 372. We do not believe it important to classify this bar. The name to be applied to such conduct is of no great consequence. The result of the conduct is what counts and that result is preclusion from recovery.

█ The evidence above referred to came from various witnesses who testified that they smelled the odor of intoxicating liquor on Senecal's breath and that in their opinion he was intoxicated at the time of the accident. The plain inference which the jury could draw from the testimony of one witness was that Senecal and Philbert Gilman who was also a passenger in the former's car were ugly or fighting drunk. Drinking of liquor by Senecal or by any of the occupants of his car or its presence in the car was denied by other witnesses including Senecal. The evidence showed that the plaintiff and Senecal had been together during the day of the accident and that during the last few miles of the ride the plaintiff sat on the front seat of the car next to Senecal. The testimony of two witnesses was to the effect that the Senecal car just before the accident was proceeding at a high rate of speed in a crooked path and bouncing over the bumps in the road. From this evidence it was for the jury to decide whether in fact Senecal was intoxicated and if he was, whether the plaintiff knew or ought to have known his condition and whether such intoxicated condition, if found to exist, was the proximate cause or one of the proximate causes of the accident. These questions are ordinarily for the jury. *Coldbeck* v. *Flint*, 281 Mass. 360, 183 N. E. 739; Blashfield, *supra*. There was no evidence in the case indicating other than voluntary riding on the part of the plaintiff, who testified that he understood that it was careless for one to ride with a person who has been drinking.

█ At the close of all the evidence defendant moved for a directed verdict. The only ground here relied on was in substance that taking the evidence in the light most favorable to the plaintiff there was none showing actionable negligence on the part of the defendant as the entire evidence in the case disclosed that Senecal's negligence was the sole proximate cause of the accident. This motion was rightfully denied.

From the evidence so taken the jury could reasonably find that the accident happened at dusk on a road which was twenty feet wide. That defendant's truck when he and Billings were talking was partly, if not wholly, on the travelled part of the highway with only from one to five feet between it and the Billings car which was headed in the other direction and standing in the road practically opposite defendant's truck. That the two

cars had been in this position for about five minutes before the accident. That defendant's tail light was not on but that the headlights on Billings' car were turned on as were those on Senecal's. That the lights from the Billings car blinded Senecal so that he did not see defendant's truck until he was from six to seven feet from it. That Senecal who was proceeding on his right side of the road applied his brakes but could not stop his car in time to avoid hitting the rear of the truck.

The court submitted the question of defendant's negligence under the prudent man rule at common law apart from his negligence under the statutes we have already discussed. It was clearly for the jury to determine under this rule whether the defendant exercised the care and prudence of a prudent person in stopping his car on the highway at that time of the day and under the circumstances here shown. That on the evidence above set forth the finding of negligence was justified is plainly indicated by defendant's own statement that when he heard the Senecal car coming he knew it was dangerous to be parked where he was.

The court charged fully on the law of proximate and intervening causes and instructed the jury that if they should find Senecal's negligence was the sole cause of the accident their verdict should be for the defendant. The situation here presented is similar to the one in *Farren* v. *McMahon et al.*, 110 Vt. 55, 1 Atl. 2d. 726, in which we held that there may be more than one proximate cause concurring to produce an injury. Here as there the jury were justified in finding that defendant's negligence was a continuing, concurring, proximate cause of the accident and the resulting injuries to the plaintiff.

The defendant briefs one claim of error as to the admissibility of evidence. Harold Potter, a motor vehicle inspector, had testified on cross examination that he had smelled intoxicating liquor on Senecal's breath. On re-direct examination he was asked as pertaining to such previous testimony whether he had filed any complaint against Senecal for driving while intoxicated. The defendant objected to the question as being immaterial, incompetent and irrelevant. The objection was overruled and the witness answered that he had not.

A similar question was asked in *State* v. *Schoolcraft*, 110 Vt. 393, 8 Atl. 2d. 682. We there held that the ruling

of the court was discretionary and sustained it on the ground that no abuse of discretion was shown. Those holdings apply here. Although the evidence was of a somewhat remote and speculative nature it had some tendency to break down the testimony previously given by the witness. Such tendency was sufficient at least to uphold this discretionary ruling of the court.

All exceptions which have been briefed have been considered.

*Judgment reversed and cause remanded.*